## MAYFIELD *v.* FRIERSON.

No. 15204. July 3, 1945. Rehearing denied July 23, 1945.

*E. A. Wright,* for plaintiff.

*W. O. Slate* and *Charles W. Bergman,* for defendant.

*John Mosby, William H. Smith, George Moncharsh, Abraham Glasser,* and *Fleming James Jr.,* for persons at interest, not parties.

Wyatt, Justice. The Court of Appeals certified the following question:

"Where a landlord and a tenant executed a written lease contract for the rent of a certain house and lot in Atlanta, Fulton County, Georgia, for the term of three years, and it was stipulated therein that the tenant should pay a monthly rental of sixty dollars; and where the tenant moved in and paid said amount for several months; and where a few weeks thereafter the Office of Price Administration, Atlanta Defense Rental Area, after being told by the tenant that she was paying too much rent for the property, and after an investigation, reduced the monthly rent to thirty-five dollars; and where thereafter the tenant refused to pay the stipulated sixty dollars monthly rental, and tendered thirty-five dollars instead, which tender was refused by the landlord, did the refusal of the tenant, under the above-stated facts, to pay a monthly rental of sixty dollars, as stipulated in the lease contract, and her refusal to pay more than thirty-five dollars a month, amount to a breach of the contract and authorize the landlord to rescind the contract, and to treat the tenant as a tenant at will?" The above-quoted

question was amended as follows: "by showing that the written lease-contract in question was executed subsequent to the establishment of the rent control for the Atlanta, Georgia, area."

The answer to this question depends upon a proper construction and application of the emergency price control act of 1942 (56 Stat. 23, 50 U. S. C. A. Appen. Supp. II, §§ 901 et seq.), as amended by the stabilization extension act of 1944 (58 Stat. 640, 50 U. S. C. A. Appen., § 925). This court has not before been called upon to construe or apply this law. Section 204 (d) of the emergency price control act provides: "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision." Therefore, neither the Court of Appeals nor this court is a proper forum in which to attack the validity of the emergency price control act.

The act here to be construed and applied is an emergency wartime measure. We are engaged in war, and for that reason contractual relations and individual liberties must give way to the extent that becomes necessary on account of the national emergency. "In cases where the subject-matter of a contract is exclusively one of national cognizance, and Congress has enacted a law for its complete regulation, the parties must be presumed to have contracted with reference to the act of Congress and its effect on the subject-matter, and they can not, by agreement or otherwise, make any other law applicable in determining either the nature, validity, or interpretation of the contract." *Federal Land Bank of Columbia* v. *Shingler*, 174 *Ga.* 352 (3) (162 S. E. 815). See also *Evans* v. *Hartley*, 57 *Ga. App.* 598 (196 S. E. 273) ; *Roberts*

v. *H. C. Whitmer Co.,* 46 *Ga. App.* 839 (169 S. E. 385). If we should answer the question propounded in the affirmative, the result would be to do indirectly what neither the Court of Appeals nor this court can do directly, to wit, for all practical purposes nullify the emergency price control act. The parties to the lease contract entered into the contract charged with knowledge of the law. They, therefore, had knowledge that the lease agreement was made subject to the approval of the Office of Price Administration in so far as the amount of rent to be paid was concerned, and that the rent might be either raised or lowered. When the Office of Price Administration did determine the necessity of a change in the amount of rent to be paid, nothing happened that in law was not within the contemplation of the parties when the lease agreement was entered into. Neither party to the contract can, for that reason, treat the lease agreement as rescinded.

The question is answered in the *negative. Bell, C. J., Jenkins, P. J., Duckworth* and *Atkinson, JJ., concur.*