30772. MAYFIELD *v.* FRIERSON.

DECIDED SEPTEMBER 20, 1945.

*E. A. Wright,* for plaintiff.

*W. O. Slate, Charles W. Bergman,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) This court certified to the Supreme Court the question, whether, under the above-stated facts, the refusal of the tenant to pay the amount of the monthly rental as stipulated in the lease-contract amounted to a breach of the contract, and authorized the landlord to rescind the contract and to treat the tenant as a tenant at will.

The Supreme Court answered the question in the negative, and said: "Section 204(d) of the emergency price control act of 1942 (56 Stat. 23,50 U. S. C. App. Supp. 11, §§ 901 et seq.), as amended by the stabilization extension act of 1944 (58 Stat. 640,50 U. S. C. A. App., § 925), provides: 'The Emergency Court of Appeals, and Supreme Court upon review -of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision.' Therefore, neither the Court of Appeals nor this court is a proper forum in which to attack the validity of the emergency price control act. . . If we should answer the question pro-

pounded in the affirmative, the result would be to do indirectly what neither the Court of Appeals nor this court can do directly, to wit, for all practical purposes nullify the emergency price control act. The parties to the lease-contract entered into the contract charged with knowledge of the law. They, therefore, had knowledge that the lease agreement was made subject to the approval of the Office of Price Administration in so far as the amount of rent to be paid was concerned, and that the rent might be either raised or lowered. When the Office of Price Administration did determine the necessity of a change in the amount of rent to be paid, nothing happened that in law was not within the contemplation of the parties when the lease agreement was entered into. Neither party to the contract can, for that reason, treat the lease agreement as rescinded."

In view of the above-quoted decision of the Supreme Court, the judgment of the appellate division of the civil court of Fulton County, affirming the judgment of the trial judge denying a new trial, is *Affirmed. MacIntyre and Gardner, JJ., concur.*