**UNITED STATES v. EARL HOLDING CO. et al.**

Civ. No. 3200.

United States District Court
D. Minnesota, Fourth Division.

Feb. 20, 1950.

Alex Dim, Chief Rent Attorney, Office of the Housing Expediter, Minneapolis, Minnesota, for plaintiff.

Theodor Herman, of Minneapolis, Minnesota, for defendants.

NORDBYE, Chief Judge.

The parties have stipulated to the material facts. In July, 1947, a house in Minneapolis was rented under a lease running from September 1, 1947, to September 1, 1948, for a rental price of $100 per month. Under the lease, the tenant was granted an option to renew the lease for two one-year periods. The tenant exercised the option right, and the lease has been extended to, and is in force until, September 1, 1950. Defendants now own that house and possess the rights and obligations of a landlord under the lease.

The Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq., was in effect when the lease was executed, and that Act provided that property not rented between February 1, 1945, and January 31, 1947, was exempt from the rent controls imposed under the Act. Consequently, defendants' house was not subject to rent control when the lease was first executed. For it was rented for the first time July, 1947, effective September 1, 1947.

On March 30, 1949, the Housing and Rent Act of 1947 was amended, and the grounds of exemption for defendants' house from rent control was omitted. Consequently, the house became subject to rent control under the amended Act, and defendants registered their property with the appropriate office. They showed that the rental under the lease was $100 per month.

On October 27, 1949, the Housing Expediter, pursuant to authority granted to him by the Act, ordered that the rent be lowered from $100 to $70 per month, effective November 1, 1949. Defendants refused to accept $70 from the tenant as rent and informed the tenant that he would be evicted unless he continued to pay the $100 as required by the lease. The $100 rental has been paid every month.

Plaintiff now seeks an injunction to enjoin defendants from continuing to collect the $100 per month rather than $70, from evicting the tenant in question, and from otherwise violating the Housing and Rent Act of 1949. Plaintiff also seeks treble damages for the excess amount of rental payments. The parties have agreed that the decision upon this temporary injunction proceeding also can determine the permanent injunction and treble damages questions.

Defendants contend that the lease figure must control because the Expediter's order, which was made after the lease was exe-

cuted and in operation, seeks to change an existing, operative contract which was valid when made, and that the order therefore violates the guarantees afforded defendants by the due process clause of the Federal Constitution, Amendment 5. The specific legal issue therefore is, Can the terms of a contract in the form of a lease be changed by this legislation which was subsequently enacted?

■■ The question has been answered by the United States Supreme Court by its unanimous decision in the rent control case of Fleming v. Rhodes, 331 U.S. 100, 67 S.Ct. 1140, 91 L.Ed. 1368. In that case the court held, 331 U.S. at page 107, 67 S.Ct. at page 1144, 91 L.Ed. 1368. "Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it. Immunity from federal regulation is not gained through forehanded contracts. Were it otherwise the paramount powers of Congress could be nullified by 'prophetic discernment'."

That holding is applicable here. It is not distinguishable merely because valid eviction judgments which were obtained prior to the effective date of the Rent Control Act were the objects against which the Rent Act's prohibitions were there enforced. Previously acquired rights were involved just as they are in the instant case. For judgments are a type of previously acquired rights. The Court specifically spoke of such rights, and reasoned from a general conclusion concerning them to a specific conclusion that previously acquired judgments could be affected by the Act. 331 U.S. at page 107, 67 S.Ct. at page 1144, 91 L.Ed. 1368, the court held, "The rights acquired by judgments have no different standing" from "previously acquired rights."

And in Cobleigh v. Woods, 172 F.2d 167, certiorari denied 337 U.S. 924, 69 S.Ct. 1168, the Court of Appeals for the First Circuit specifically applied the rule of the Rhodes case to the rent clause of a rental agreement executed between July 1, 1946, and July 25, 1946. During that period rent control did not exist. The previous statute had lasped. But when the Rent Control Act of 1946 was enacted, 50 U.S.C.A. Appendix, § 901 et seq., it provided that if property had been subject to the previous Rent Control Act, the landlord could not base the rent he thereafter collected upon a rental agreement made between July 1, 1946, and July 25, 1946, even though the agreement was still in effect. The landlord in the Cobleigh case claimed that such a prohibition was invalid. The court held unanimously, 172 F.2d at page 169. "The constitutional power of Congress so to provide is none the less effective though it may involve prospective modification of existing agreements between landlords and tenants, valid when made. Fleming v. Rhodes, 1947, 331 U.S. 100, 107, 67 S.Ct. 1140, 91 L.Ed. 1368; Taylor v. Brown, Em.App. 1943, 137 F.2d 654, 659, certiorari denied 1943, 320 U.S. 787, 64 S.Ct. 194, 88 L.Ed. 473."

Taylor v. Brown, Em.App., 137 F.2d 654, at page 659, involved the right under the 1942 Rent Act, 50 U.S.C.A. Appendix, § 901 et seq., to "roll back" rents which were set under leases executed before a rent control statute was enacted. The Emergency Court of Appeals unanimously held that the statute permitting such a "roll back" was valid. The instant case is in principle the same sort of problem. The facts are, by analogy, almost identical. The Taylor decision aptly illustrates that defendants' attempt to distinguish the instant case from the Rhodes and Cobleigh cases upon the theory that the property involved in those cases had once been subject to rent control whereas the house in the instant case never had been subject to control prior to the Rent Act which is now in question, cannot be sustained. And, in any event, the Rhodes and Cobleigh cases do not turn on the narrow distinction which defendants urge. They turn on the proposition that a right obtained prior to the enactment of a statute can be limited or curtailed by the statute. They are not distinguishable from this case.

In so far as Pollack v. Seidman, Sup., 82 N.Y.S.2d 516, upon which defendants rely, is in conflict with these cases, it should not be followed. It conflicts with Woods v. Schmid, 5 Cir., 164 F.2d 981; Porter v. Merhar, 6 Cir., 160 F.2d 397; Porter v. Shibe, 10 Cir., 158 F.2d 68; Woods v. Durr, 3 Cir., 176 F.2d 273; United States v. Porhownik, et al.,[1] decided Oct. 14, 1946, Southern District of New York, and United States v. Hanley,[1] (N.D. Calif.) decided October 31, 1949. Sound authority and reason dictate that the terms of a contract in the form of a lease can be changed, as plaintiff contends, by legislation subsequently enacted pursuant to constitutional authority. As defendants must recognize, the war powers of Congress are the valid constitutional basis for enactment of the rent control legislation. Woods v. Miller, 333 U.S. 138, 68 S.Ct. 421, 92 L.Ed. 596; Woods v. Durr, 3 Cir., 176 F.2d 273. Defendants have violated the statute, and upon the facts of this case plaintiff is entitled to the injunction it seeks.

Section 205 of the Housing and Rent Act for 1949 provides that treble damages may be obtained from a landlord who charges more than the maximum rent set by the Expediter unless the over-charge was not wilfull nor the result of failure to take practicable precautions against the occurrence of such over-charge. The burden of proof is upon the landlord. The evidence here shows that defendants knew of the Expediter's order and knowingly charged rent in excess of the amount specified therein. They did not exhaust their administrative remedies to change the order. They demanded the excess amount under threat of eviction. In light of this showing, the Court has no alternative but to grant the treble damages sought.

In view of the parties' agreement that the permanent injunction question should be determined by this decision, plaintiff is also entitled to a permanent injunction as prayed.

Plaintiff may present findings of fact, conclusions of law, and order for judgment consistent herewith. An exception is reserved to defendants.

1. No opinion for publication.