## UNITED STATES v. FRIEDMAN.

## UNITED STATES v. RULE et al.

## UNITED STATES v. PITMAN.

Civ. Nos. I-24 to I-26.

United States District Court
S. D. Iowa, Central Division.
April 11, 1950.

Randal J. Elmer, Litigation Attorney, Office of Housing Expediter, Chicago, Ill., for the plaintiff.

Jens Grothe of the firm, Dickinson & Dickinson, Des Moines, Iowa, for the defendants.

SWITZER, District Judge.

Plaintiff, United States of America, in each of the above named cases, filed herein its motion to strike certain allegations in defendant's answer to plaintiff's complaint, and also in the same motion asks the court to strike defendant's demand for a jury trial. Inasmuch as the answers filed in each of the three cases involve alleged defenses in similarly couched language and, with few exceptions, raise the same legal propositions, which the plaintiff attacks in its motion, by agreement of counsel in open court, it was agreed that the three motions be submitted and decided together.

Upon this basis the matter came on for hearing in open court at Des Moines, Iowa, and was fully argued by both the plaintiff and defendant in each of the three cases and written briefs having been presented to the court by each party, the matter was duly submitted.

In the interest of clarity each of the three cases will be hereinafter referred to by the surname of the defendant in each such case. The feature which distinguishes the Rule case from the Pitman and Friedman cases is, that in the Rule case it appears from the answer that the rental premises involved in the suit, namely, 1341

Washington St., Des Moines, Ia., had been occupied by the defendants as their residence dwelling for many years prior to Oct. 9, 1948, the date upon which said premises were leased to one Lichtenberger, and as such these premises were at no time prior to April 1, 1949, "controlled housing accommodations" within the meaning of Section 202(c) of the Housing and Rent Act of 1947, as amended, Sec. 1892 (c), Title 50 U.S.C.A.Appendix. The written lease hereinabove referred to did by its terms lease the premises involved for a period of one year at $80 per month, but provided, among other things, for an automatic renewal thereof under the same terms and conditions for a succeeding year beginning Oct. 9, 1949.

As such, it is the contention of the Rules that any attempt on the part of the Congress in the Housing and Rent Act of 1947, as amended in 1948 and 1949, and thereunder by the Housing Expediter to control the maximum rents in said premises was unconstitutional for the following reasons:

1. Deprives defendants of their property without due process of law, contrary to the 5th Amendment.

2. Because it delegates to the States and municipalities thereof legislative powers exclusively belonging to the Congress of the United States.

3. Impairs the obligation of a preexisting contract, valid when made, in violation of Section 10, Article I of the Constitution of the United States.

4. Deprives defendants of their property without due process of law contrary to Section 21, Article I of the Constitution of the State of Iowa, I.C.A. and to Section 10, Article I of the Constitution of the United States.

The answers in the Pitman and Friedman cases set up substantially the same objections to constitutionality as are pleaded in the Rule case. The defendants Rules however contending that because their premises had never been "Controlled housing accommodations", under Sec. 202(c) of the Housing and Rent Act, previous to April 1, 1949, the claims against constitutionality were more especially applicable to them than to the other defendants. Such contention does not in my opinion have merit.

It is true that under the Housing and Rent Act of 1947, as amended in 1948, Sec. 202(c) (3), the Rule premises were not "controlled housing accommodations" and the written lease entered into between the Rules and the Lichtenbergers was valid when made.

On March 30, 1949, the Housing and Rent Act of 1947 was again amended and the grounds of exemption for the Rule house from rent control were omitted from Sec. 202(c) (3) of the Act. Consequently, the Rule house became subject to rent control under Section 202(c) of the amended Act, and acting thereunder the Area Rent Director at Des Moines, Iowa, pursuant to Sec. 204(d) of the Housing and Rent Act, 50 U.S.C.A.Appendix, § 1894(d) (12 F.R. 4331; 14 F.R. 1570), did issue an order on July 8, 1949, fixing and prescribing the legal maximum rent for the Rule property, effective April 1, 1949, at $40 per month.

As was said by Judge Nordbye in an opinion, dated Feb. 20, 1950, entitled United States of America v. Earl Holding Co., and Earl Simon, D.C.Minn., 88 F.Supp. 1000, 1002, wherein the exact legal proposition raised in the Rule case here is decided: "The specific legal issue therefore is, Can the terms of a contract in the form of a lease be changed by this legislation which was subsequently enacted?

"The question has been answered by the United States Supreme Court by its unanimous decision in the rent control case of Fleming v. Rhodes, 331 U.S. 100, 67 S.Ct. 1140, 91 L.Ed. 1368. In that case the court held, 331 U.S. at page 107, 67 S.Ct. at page 1144.

" 'Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions

limit or interfere with previously acquired rights does not condemn it. Immunity from federal regulation is not gained through forehanded contracts. Were it otherwise the paramount powers of Congress could be nullified by "prophetic discernment"' "That holding is applicable here. * * *"

Nor does the Congress run afoul of any constitutional prohibition if in the valid exercise of its powers it incidentally impairs private contract obligations. Continental Bank & Trust Co. of Chicago v. Chicago, Rock Island Ry., 294 U.S. 648, 680, 55 S.Ct. 595, 79 L.Ed. 1110.

■ The Congress, in enacting the Housing and Rent Act of 1949, did so by authority of the Constitution; U. S. v. Shoreline Cooperative Apartments, Inc., 1949, 338 U.S. 897, 70 S.Ct. 248, wherein the court readopted as of that date its holding in the case of Woods v. Miller Co., 1948, 333 U.S. 138, 68 S.Ct. 421, 92 L. Ed. 596, which case clearly settles all of the constitutional questions raised by each and all of the defendants here and resolves said questions against them. Further citation of authority seems unnecessary.

■ Counsel for the defendants in argument cited the reasoning used by Judge Shaw in Woods v. Shoreline Cooperative Apartments, D.C.1949, 84 F.Supp. 660, in which Judge Shaw had held that Section 204(j) (1–3) of the 1949 Act constituted an unconstitutional delegation by the Congress of legislative authority to the States and municipalities thereof. Any doubt on this point was resolved conclusively against the defendant by the Supreme Court of the United States in United States v. Shoreline Cooperative Apartments, Inc., 1949, 338 U.S. 897, 70 S.Ct. 248, in which the Supreme Court reversed Judge Shaw and readopted its prior holding in Woods v. Miller Co., supra. By its decision in this case the Supreme Court obviously made the reasoning in the Woods v. Miller Co. case effective not only as to the Expediter, but also to States and municipalities when it said, in effect, that the Act does not delegate legislative authority at all but

merely prescribes adequate standards for the guidance of administrative action by the Housing Expediter.

Defendants' counsel conceded in argument that the allegation invoking the defense of Sec. 21, Article I of the Constitution of the State of Iowa, and Section 10, Article I of the Constitution of the United States, was not good and agreed that that portion of the answer in each of these three cases raising these constitutional questions might be stricken. No discussion on the points is therefore required here.

Counsel for the defendants likewise conceded that this court does under and by virtue of Sections 205 and 206(c) of the Housing and Rent Act of 1949, Public Law 31, 81st Congress, 1st Session, 50 U.S. C.A.Appendix, § 1881 et seq., have jurisdiction over the parties and of the subject matter of each of these three suits, and this court so finds.

■ Paragraph 2 of Division V of each of the three answers herein quotes a portion of Section 204(b) of the Act which deals with leases and contends that as said Act was amended on March 30, 1949, preexisting leases shall be recognized as valid by the Housing Expediter and that there is therefore no violation on the part of either of these defendants. The trouble with this position is that by the plain wording of Section 204(b) of the Act, as amended in 1948, the availability of its benefits to these defendants is dependent upon their showing compliance with two conditions precedent. They are: (1) that the rentals provided for in said leases may not exceed the maximum rentals by a sum in excess of 15 per cent. and (2) a notice of said increase by such lease must have been filed with the Housing Expediter by the landlord within 15 days from and after its execution. Neither of these conditions precedent are alleged in the answers of these defendants or either of them. No legal defense is therefore pleaded in this connection and the portion of their respective answers treating the same must be stricken.

■ Paragraph 1 of Division VI of each of the answers in case No. 1–24 and 1–26, and paragraph 1 of Division VII of case No. 1–25, contends that the United States of America has no authority by which to bring these actions in its own name. Sec. 205 of the Housing and Rent Act of 1947, as amended, clearly provides that should a tenant fail to bring an action for treble damages within 30 days from and after the date when the cause of action arises that the United States of America may at any time thereafter for a period of one year bring such action in its own right for the benefit of the tenant and for the purpose of enforcing the congression mandate. Section 206(b) of said Act permits an injunction action by the United States as a party plaintiff in its own right. Since, as we have seen above, the validity and constitutionality of the 1949 act have been upheld, I must conclude that when taken together Sections 205 and 206(b) clearly authorize the action by the United States of America in each of the three instant cases. Tighe E. Woods, Housing Expediter, is but a creature of the statute, an administrative agent so constituted by the Congress of the United States. Even though it were to be construed that these actions, while being brought in the name of the United States of America, were in truth and in fact an action brought by Tighe E. Woods in his capacity as Housing Expediter the result would be the same.

■ Defendants in each of these cases have demanded a jury trial. Plaintiff contends, and I believe rightly, that said defendants and each of them should be denied the right of trial by jury. It is of course, fundamental that no one has the right of jury trial in an equitable suit. Each of these three actions are combined law and equity actions. That portion of each wherein the plaintiff demands treble damages against each of the defendants is legal and the remainder equitable in character. The right to a trial by jury is found in the 7th Amendment to the Constitution of the United States which provides: "In suits *at common law*, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." (Italics by the court).

Certainly, it could not be successfully argued here that these actions brought as they have been in pursuance of Section 205 of the Housing and Rent Act of 1947, as amended, for treble damages, is a suit at common law. Rather the treble damage feature of these actions is in its entirety a creature of the statute and by no stretch of the imagination existed at the common law, and defendants' contentions thereon are wholly untenable. As was said by the Supreme Court of the United States in Dimick v. Schiedt, 293 U.S. 474, 487, 55 S. Ct. 296, 301, 79 L.Ed. 603, 95 A.L.R. 1150; when it held that the 7th Amendment—"has in effect adopted the rules of the common law in respect of trial by jury, as these rules existed in 1791. To effectuate any change in these rules is not to deal with the common law, qua common law, but to alter the Constitution."

No merit is found in defendants' contention in the Rule case that the tenants Lichtenbergers make no claim for overcharges and specifically have by agreement waived any claim for damages on account of alleged excessive rentals having been asked, demanded or received by the defendants. The Eighth Circuit Court of Appeals in the case of Ebeling v. Woods, 175 F.2d 242, 245, has said: "Whether the excess rent was willingly or unwillingly paid, the statute prohibited the landlord from accepting it and provided for its recovery from him. Furthermore, the object of the Administrator in seeking restitution is not primarily to benefit the tenant but to discourage violations of the Act and in the public interest to dissipate the inflationary effect of what the parties have done."

■ Clearly, a landlord acquires no immunity from the operation of the Housing and Rent Act by the willingness of a tenant to abide by leases calling for overcharges on maximum rentals established by the Expediter.