MARY H. DUNLAP *vs.* ALBERT NAVARRO.

Norfolk.    December 8, 1950. — January 19, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Landlord and Tenant,* Federal control, Rent, Rescission of lease. *Housing. Price Control. Statute,* Amendment. *Constitutional Law,* Price control.

A three year lease of an apartment, made in December, 1948, when the apartment was exempt from Federal rent control, and specifying a rent substantially greater than the maximum rent previously established under the emergency price control act of 1942, as amended, and in effect on June 30, 1947, was and constitutionally could be affected by the Federal housing and rent act of 1949, effective April 1, 1949, so that after that effective date the apartment was recontrolled and the rent which could lawfully be exacted was only such previously established maximum rent.

The fact, that through the enactment of the Federal housing and rent act of 1949, effective April 1, 1949, an apartment which had been leased for three years in December, 1948, when it was exempt from Federal rent control, was recontrolled and the rent which could lawfully be exacted after the effective date of the statute became substantially less than that specified in the lease, did not invalidate the lease nor entitle either party to rescind it, nor was there a breach of the lease by the lessee in refusing to pay more than such reduced rent after the statute took effect; the lease continued in full force and effect at the reduced rent.

BILL IN EQUITY, filed in the Superior Court on September 30, 1949, for a declaratory decree.

The suit was heard by *Cahill,* J., by whose order a decree was entered providing "that the lease of December 6, 1948, was not invalidated by the enactment on March 30, 1949, of the housing and rent act of 1949; that the defendant is entitled to occupy the premises . . . until the expiration date as provided in said lease; that the plaintiff is entitled to receive from the defendant the agreed monthly rent of $125; that the defendant owes the plaintiff $125 for January, February, March, and April, 1950, rent or a total of $500 and is hereby ordered to pay the same forthwith. The

defendant is hereby further directed to pay the plaintiff costs . . . ."

In this court the case was submitted on briefs.

*E. S. Stutman,* for the defendant.

*R. S. Sylvester,* for the plaintiff.

RONAN, J. This is a bill for a declaratory decree to determine the rights of the parties under a lease of an apartment given by the plaintiff to the defendant. The latter appealed from a final decree adjudicating that the lease was not invalidated by the housing and rent act of 1949, U. S. C. (1946 ed.) Sup. III, Title 50, Appendix, § 1892, and that the defendant was bound to pay the monthly rental fixed by the lease.

It appears from the statement of agreed facts upon which the suit was submitted to the judge that the parties on December 6, 1948, executed a lease of an apartment located in an apartment house in Brookline for the term of three years from December 15, 1948, at a monthly rental of $125. The defendant paid this rental until January, 1950, and thereafter offered to pay $55 a month, contending that this was the legal rent for his apartment as fixed by the housing and rent act of 1949. The property was located in a defence rental area.

The rent of this apartment had been subject to the emergency price control act of 1942, U. S. C. (1940 ed.) Sup. II, Title 50, Appendix, § 901, et seq., and in accordance with that act and the regulations promulgated thereunder the maximum rent that the owner could lawfully demand and receive from a tenant was $55 a month. That act terminated by its own limitation on June 30, 1946. It was succeeded by the price control extension act of July 25, 1946, U. S. C. (1946 ed.) Title 50, Appendix, § 901, et seq., which extended the emergency price control act a year until June 30, 1947. On July 1, 1947, the housing and rent act of 1947 became effective and was followed by the housing and rent act of 1948, effective April 1, 1948. U. S. C. (1946 ed.) Sup. II, Title 50, Appendix, § 1881, et seq. Each of these two housing and rent acts provided that while it

was in effect "no person shall demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established under the authority of the Emergency Price Control Act of 1942, as amended . . . and in effect with respect thereto on June 30, 1947." U. S. C. (1946 ed.) Sup. II, Title 50, Appendix, § 1894. Both of these acts contained a somewhat similar provision exempting certain property from control. We quote from the act of 1948 as that was in force when the instant lease was executed. In so far as material, the provision granting the exemption read as follows: "(B) which for any successive twenty-four month period during the period February 1, 1945, to the date of enactment of the Housing and Rent Act of 1948 [March 30, 1948], both dates inclusive, were not rented (other than to members of the immediate family of the landlord) as housing accommodations." U. S. C. (1946 ed.) Sup. II, Title 50, Appendix, § 1892 (c) (3). At the time the property was leased to the defendant, it had been occupied by the owner for the twenty-four month period and was consequently free from rent control. But the housing and rent act of 1949, effective April 1, 1949, omitted the words above quoted from § 1892. Section 1894, as amended by the act of 1949, retained the provision which, with certain exceptions not now material, forbade charging a rental in excess of the maximum rental established under the emergency price control act of 1942, as amended, and in effect with respect thereto on June 30, 1947. The expiration date of the act of 1947, as amended, has been extended to December 31, 1950, and in some cases to June 30, 1951, by the housing and rent act of 1950. See Act of June 23, 1950, c. 354, 64 U. S. Sts. at Large, 255.[1]

The plaintiff contends that, her lease being valid when executed, it was not affected by the act of 1949 omitting the specific exemption granted to a certain class of property in which her property was included, and that the act of 1949,

---

[1] This act has been further extended by the Joint Resolution of December 20, 1950, to March 31, 1951. See c. 1139 of the 81st Congress.

if construed to remove the exemption, would be contrary to the Federal Constitution.

Congress undoubtedly had the power to protect housing accommodations in defence areas by means of price control legislation, and the owner of the demised premises when the maximum rent was established at $55 a month under the emergency price control act of 1942 was lawfully prohibited from charging and accepting any rent in excess of this amount so long as this established rate remained in effect. *Marcus Brown Holding Co. Inc.* v. *Feldman*, 256 U. S. 170. *Home Building & Loan Association* v. *Blaisdell*, 290 U. S. 398. *Bowles* v. *Willingham*, 321 U. S. 503. *Woods* v. *Cloyd W. Miller Co.* 333 U. S. 138. *Taylor* v. *Brown*, 137 Fed. (2d) 654. *United States* v. *Porhownik*, 182 Fed. (2d) 829. Congress also had the power, which it exercised by the price control extension act of July 25, 1946, to make that act effective as of June 30, 1946, the termination date of the emergency price control act. For instance, the execution on a judgment for possession of a tenement recovered in a State court after June 30, 1946, but before July 25, 1946, was enjoined in *Fleming* v. *Rhodes*, 331 U. S. 100. It was said, at page 107, that "Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it. Immunity from federal regulation is not gained through forehanded contracts. Were it otherwise the paramount powers of Congress could be nullified by 'prophetic discernment.'" See also *United States* v. *Shoreline Cooperative Apartments, Inc.* 338 U. S. 897; *Cobleigh* v. *Woods*, 172 Fed. (2d) 167.

The contentions of the plaintiff that Congress did not intend again to control housing accommodations which were free from control by the housing and rent act of 1947 by the subsequent act of 1949 and that the latter act could not affect the rental rate provided in a lease executed when the premises were decontrolled for that part of the term

of the lease subsequent to April 1, 1949, the effective date of the housing and rent act of 1949, have been answered adversely to these contentions. *United States* v. *Earl Holding Co.* 88 Fed. Sup. 1000. *United States* v. *Friedman,* 89 Fed. Sup. 957. *United States* v. *Asher,* 90 Fed. Sup. 257.

It appears from report No. 215 of the House committee on banking and currency, accompanying H. R. 1731, which afterwards became the housing and rent act of 1949, that "Decontrol of housing units not rented for a 24-month period after February 1, 1945, as provided in existing law has not accomplished the purpose for which it was designed. Instead of resulting in any substantial addition to the supply of rental housing, it has been used to effect decontrol of housing accommodations through mere shift in occupancy; that is, a landlord would evict a tenant from a controlled unit for his own occupancy and then rent on a higher basis the unit which he previously occupied." It also appears from report No. 127 of the Senate committee on banking and currency, accompanying said H. R. 1731, that "Your committee also recommends that there be included authority for recontrolling, on the recommendation of a local board, housing units not rented for a 24-month period after February 1, 1945. Decontrol of housing units not rented for a 24-month period after February 1, 1945, as provided in existing law, has not accomplished the purpose for which it was designed. Instead of resulting in any substantial addition to the supply of rental housing, it has been used to effect decontrol of housing accommodations through mere shift in occupany; that is, a landlord would evict a tenant from a controlled unit for his own occupancy and then rent on a higher basis the unit which he previously occupied." It is therefore plain that Congress intended to recontrol by the act of 1949 housing accommodations which had not been rented during a twenty-four month period after February 1, 1945.

There was error in adjudicating that the lessee was obligated to pay the monthly rental of $125 as provided by the lease for the months of January, February, March, and

April, 1950, because all that the lessor was entitled to receive for the use and occupancy of the apartment by the lessee was a rental not exceeding $55 a month.

The plaintiff is not entitled to a cancellation of the lease. The refusal of the defendant to pay more than $55 a month did not constitute a breach of the lease. The plaintiff could not demand or accept a higher rental. *New York, New Haven & Hartford Railroad* v. *York & Whitney Co.* 215 Mass. 36. *Papetti* v. *Alicandro,* 317 Mass. 382. The defendant did not become a tenant at will merely by refusing to comply with the terms of the lease only in so far as it purported to fix the amount of the rental. Neither party could on that account rescind the lease which continued in full force and effect at the reduced rental. *Bell* v. *Minor,* 88 Cal. App. (2d) 879. *Rizzo* v. *Collosi,* 95 Cal. App. (2d) 824. *Mayfield* v. *Frierson,* 72 Ga. App. 825.

The final decree declaring that the lease "was not invalidated" by the housing and rent act of 1949 was right although it was based on an erroneous ground. The rest of the decree must be struck out, and provisions should be substituted therefor that the defendant is obliged to pay a monthly rental of $55 in the manner and at the times fixed by the lease for the payment of rent and that the defendant is entitled to occupy the demised premises in accordance with the terms of the lease for the unexpired term provided he pays the rent at the rate mentioned or at any lawful rate that may be subsequently established. The defendant is to have costs.

*So ordered.*