66 So.2d 609

**PROBST et al. v. NOBLES.**

No. 41147.

July 3, 1953.

Edward J. Randle and Robert G. Hughes, for appellant.

Charles F. Seemann, New Orleans, for respondents.

HAWTHORNE, Justice.

Plaintiffs-respondents instituted this suit in the First City Court of New Orleans for the possession of premises located at Municipal No. 1429 St. Charles Avenue. The defendant-relator contended that he occupied and possessed the premises under and by virtue of a written lease which would not expire until September 30, 1953, and that under this lease he could not be dispossessed before the end of its term. The city court after trial on the merits rendered judgment in favor of plaintiffs ordering the defendant to vacate the premises. The case was appealed to the Court of Appeal for the Parish of Orleans, and after trial de novo that court affirmed the judgment of the city court. Writs were granted to review the judgment of the Court of Appeal.

The facts are these: On September 15, 1948, the owner, Cyril M. Mainegra, granted a written lease to E. C. Seawall for five years commencing October 1, 1948, at a monthly rental of $175.. On February 25, 1950, Cliff Probst, the owner's agent, made the written endorsement on the lease that

the lessee could sublease to a responsible tenant. On that same day Seawall subleased the premises to the defendant William Nobles. On July 25, 1951, the Housing Expediter of the City of New Orleans issued an order which established the maximum rent for the property at $77.50 per month, and on April 25, 1952, the maximum rent was further ordered reduced to $61.50.

The Court of Appeal concluded, as shown by its written reasons for judgment, that, when the Housing Expediter reduced the rent on the leased premises to a sum less than that provided in the lease, the written lease fell or terminated, and defendant thereafter remained in the premises merely as a tenant at will or on a month to month basis, and for this reason affirmed the judgment of the city court.

We cannot agree with the conclusion reached by the Court of Appeal. At the time the written lease was entered into, the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., an emergency wartime measure, was in full force and effect, and, at the time the parties to this contract entered into it, they were charged will full knowledge of this law. The lease contract by the effect of law was entered into subject to the approval of the Housing Expediter insofar as the amount of rent to be paid was concerned, and the amount fixed in the contract was subject to being either raised or lowered. Consequently, when the amount of rent to be paid under the contract was lowered, nothing happened that, in law, was not in the contemplation of the parties when the lease contract was entered into, and neither party thereto can for this reason alone regard the lease contract as having fallen or terminated. See Mayfield v. Frierson, 199 Ga. 631, 34 S.E. 2d 847. See also Glauberman v. University Place Apartments, Inc., 188 Misc. 277, 66 N.Y.S.2d 335.

Moreover, it was not intended under the Housing Regulations that the reduction in rent in such a case as this would terminate the lease. Section 61, Chapter 21, Title 32 A, C.F.R., provides: "The provisions of any lease or other rental agreement shall remain in force pursuant to the terms thereof, except insofar as those provisions are inconsistent with this regulation."

As stated before, the contract of lease was made after the enactment by Congress of rent control legislation and was subject to it. However, the result would be the same if the legislation had been enacted subsequently to the written lease, for it is well settled that Congress does not run afoul of any constitutional prohibition if in the valid exercise of its war powers it incidentally impairs private contracts or obligations. See United States v. Earl Holding Co., D.C., 88 F.Supp. 1000; United States v. Friedman, D.C., 89 F.Supp. 957; United States v. Asher, D. C., 90 F.Supp. 257; Taylor v. Brown, Em. App., 137 F.2d 654.

In the lower courts the owner of the premises also contended that the tenant had no authority to sublease the premises to the defendant herein, and the Court of Appeal did not pass upon this contention since it was of the opinion that the lease had terminated, as stated hereinabove. It is therefore necessary for us to remand the case to the Court of Appeal for determination of that question.

For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans is reversed and set aside, and the case is remanded to that court so that it may pass upon the other issue here involved. Respondents are to pay the costs of this court; all other costs are to await the final determination of the cause.

HAMITER, J., recused.