GENSLER, Judge ad hoc.
Plaintiff, Harry F. West, lessee, instituted this suit against defendant, Mrs. Stella J. Schuber, individually and as testamentary executrix of the Succession of F. J. Schu-ber, lessor, under Section 1 et seq. of the Housing and Rent Act of 1947, as amended by the Act of March 30, 1949, 50 U.S.C.A. Appendix, §§ 1881 et seq., 1895, to recover $70 per month overcharge of rent paid from September, 1951, to August, 1952, representing a period of eleven months or a total of $770, plus a reasonable attorney’s fee.
Defendant pleaded exceptions of vagueness and of no cause or right of action, which were overruled.
Plaintiff then filed an amended petition alleging the violation of the Housing and Rent Act of 1947, as amended, and attached thereto, as an exhibit, the Registration of the premises 1921 So. Salcedo Street, New Orleans, Louisiana, by the owner, F. J. Schuber, with the Office of Price Administration under the date of January 1, 1942, which fixed the maximum rent at $30 per month including the following services, to wit: Garage, heat or heating fuel, cooking fuel, cold water, hot water, lights. The following services were specifically not to be furnished to wit: Exterior repairs, interior repairs, painting and decorating, garbage disposal, janitor service, ice or refrigeration. This registration also contained a notation “owner renting to his daughter reason for low rental.”
Defendant pleaded the exceptions of no cause or right of action to the supplemental petition, which exceptions were overruled, and then answered generally denying the pertinent allegations of plaintiff’s petition and reconvened for the sum of $100, representing the rental for the premises, No. 1921 So. Salcedo Street, for the month of September, 1952, alleging that the plaintiff occupied said premises, as tenant, for the said month and failed to pay the agreed rent of $100.
Plaintiff, by a motion, obtained a rule to show cause against the defendant for judgment on the face of the pleadings. This rule was submitted and taken under advisement by the trial court.
Plaintiff and defendant then filed a stipulation of facts. Further testimony was taken and the trial court rendered judgment in favor of the plaintiff in the sum of $770, together with legal interest from date of judicial demand until paid, which represented the overcharge of rent in excess of the established rent for the eleven month period, together with an additional sum of $100 for attorney’s fee and all costs, subject to a credit of $30 on the reconventional demand.
From this judgment the defendant has prosecuted this appeal. Plaintiff has answered the appeal requesting that the sum awarded for attorney’s fee be increased to $300 and in all other respects the judgment be affirmed.
The record reveals a stipulation of facts which, in effect, sets forth that Schuber, now deceased, and his wife occupied the premises No. 1921 So. Salcedo Street, as a *438 residence until about April 1, 1942, when they moved and the premises had never been rented prior to that time. About April 1, 1942, their daughter and her husband moved into and occupied the said premises.
When rent control became effective in 1942, Schuber registered the premises with the Office of Price Administration.
The daughter and her husband purchased a lot in June of 1948, and their new home was completed in January of 1949.
In the meantime Schuber, anticipating that the premises would become vacant, applied for and received in September of 1948, an opinion of decontrol of said premises.
During the occupancy of these premises by the daughter and her husband from 1942 to 1949, Schuber expended little or nothing in repairs or improvements and when same became vacant he offered it on the rental market and expended some $3,000, in repairing and renovating the said premises.
Schuber then rented the premises to Babbitt beginning March 1, 1949, at a monthly rental of $100, until about March 1, 1950, when Harry F. West, the present plaintiff, a co-employee of Babbitt’s succeeded Babbitt as the tenant at the same rental and on the same basis.
As to the rental for the month of September, 1952, West tendered to the Schubers his check for $30 and said tender was refused.
In August of 1952, West had visited the Rent Control Office and learned, for the first time, of the 1942 registration of the premises and the certificate of decontrol of 1948.
In August, 1952, the Area Rent Office called a meeting of both landlord and tenant for September 3, 1952, at which meeting the circumstances of the rental were discussed and subsequent thereto, in September, 1952, Mrs. Schuber filed with the Rent Office a landlord’s petition for adjustment of the rent. This petition was considered by the Rent Office and Mrs,. Schuber was requested to furnish additional information, but, before said additional information was furnished, the New Orleans Rent Office went out of existence-as of September 30, 1952.
Plaintiff made amicable demand of defendant, which was denied.
It was agreed between counsel as of' March 1, 1949, that the property was not subject to rent control. It is further contended by the plaintiff and denied by the defendant that the 1949 amendment to the Housing and Rent Control Act subjected: the property again to rent control.
Plaintiff contends that by the 1949 amendment to the Rental Control Act of 1947 the property No. 1921 So. Salcedo Street became again subject to control and could not be lawfully rented for more than $30 per month.
Defendant contends that the premises-were never actually controlled housing-under the 1942 act.
Secondly, that if the premises became recontrolled by the 1949 amendment, the rental ceiling was $100 rather than $30 per month.
Thirdly, that if the 1949 amendment established the rent at $30 rather than $100, that said amendment would be in violation-of the provisions of the Federal, art. 1, § 10, and State, art. 4, § 15, Constitutions prohibiting the impairment of the obligations of a contract and the divestiture of a. vested right.
Fourth, in the alternative, that plaintiff' was estopped from asserting any claim for excessive rent, inasmuch as the plaintiff demanded and received from the defendant extensive improvements and repairs which-were not included in the services to be rendered under the original registration: in 1942.
Counsel admit in their respective briefs,, and likewise admitted in open court at the-time this case was argued on appeal, that-this case is “res novo” to Louisiana Ap *439 pellate Courts, i. e., a situation wherein property which had been decontrolled was later placed under control.
. It is evident that on January 1, 1942, when Schuber registered the premises No. 1921 So. Salcedo Street with the Area Rent 'Office O.P.A., that little or no effort was made to secure or arrive at a fair and reasonable rental, but on the contrary, an arbitrary low figure of $30 was set at the re•quest of the owner of the premises, in view ■of the fact that the said premises were to he rented to his daughter and her husband. This is evident when it is considered that ■the subject premises was a modern single rstucco bungalow, located on ground sixty feet front by one hundred and five feet in depth, with a large two car garage and -an extensive side lawn, and the lessor was -obligated to furnish the utilities, i. e., electricity, gas and water.
The record further shows that the owner •of the premises subsequent to October, 1948, when the certificate of decontrol of these premises was issued, expended the ■sum of $3,000 in renovating or repairing the premises and then entered into a valid .and legal month to month lease with Babbitt for $100 per month. West, the present ■plaintiff, was the successor tenant to Babbitt and during West’s occupancy of the property certain repairs were made at his request amounting to more than $200. Further, it is obvious that the lessor would not have expended this money had he ever •contemplated that by operation of law these premises would be recontrolled and the •maximum rent, which had been formerly set at the very low figure of $30 per month, -would become binding. Relying on. the .automatic decontrol of these premises by -the 1948 amendment, which was substantiated by the order of decontrol issued in 1948, he did not bother or think it necessary to make application or request the then Housing Expediter to fix a fair rental .figure for these premises.
The 1949 amendment recontrolled ■these premises and fixed the maximum rent last in effect for such housing accommodations under Federal control and, as stated supra, the court feels that the premises in question were under control in 1942 and in 1947 and that the maximum rent- was $30, but it is argued by. defendant that the property never had an.actual ceiling rental of $30 per month established by the Housing Expediter or subject to legal control under the 1942 act, but even if the premises were at no time prior to April 1, 1949 “ ‘controlled housing accommodations’ ” within the meaning of Section 202(.c) of the Housing and- Rent Act of 1947, as amended, it would have been encumbent upon the defendant'to .register the premises, as'contrary to.the contention.of counsel for defendant, there is no duty upon the Housing Expediter to automatically fix the ceiling rental.
Section 204(d) states:
“The Housing Expediter is authorized to issue such. regulations and orders, consistent with the provisions ■of this title, as he may deem necessary to carry out the provisions of this section and section 202(c).” . .
Certainly if the Housing Expediter bore the burden by his own initiative to fix this ceiling, the Congress would have used the word “shall” or similar' phraseology.
Defendant further contends that the amendment of March 30, 1949 would be in violation of the provisions of the Federal and State Constitutions prohibiting the impairment of the obligations of a contract and the divestiture of a vested right, and, in this regard, it is. well to note that this question has been well discussed and settled by the Supreme Court of the United States in Fleming v. Rhodes, 331 U.S. 100, 67 S.Ct. 1140, 1144, 91 L.Ed. 1368, wherein it was said:
“* * * Federal regulation of future action based, upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it. Immunity *440 from federal regulation is not gained through forehanded contracts. Were it otherwise the paramount powers of Congress could be nullified by ‘prophetic discernment.’ ”
See, also, United States v. Friedman, D.C., 89 F.Supp. 957.
In Probst v. Nobles, 223 La. 685, 66 So.2d 609, 610, our Supreme Court said:
“* * * for it is well settled that Congress does not run afoul of any constitutional prohibition if in the valid exercise of its war powers it incidentally impairs private contracts or obligations. See United States v. Earl Holding Co., D.C., 88 F.Supp. 1000; United States v. Friedman, D.C., 89 F.Supp. 957; United States v. Asher, D.C., 90 F.Supp. 257; Taylor v. Brown, Em.App., 137 F.2d 654.”
Defendant next contends, as an alternate defense, that the plaintiff is es-topped from asserting any claim for excessive rent inasmuch as the plaintiff demanded and received from the defendant extensive improvements and repairs at considerable cost, none of which were included in the services attributable to the premises under the specific terms of the original registration.
The court’s answer to this contention is that equitable estoppel does not exist against a party who was ignorant of real facts and of his legal rights in the premises. Jones v. Alford, La.App., 172 So. 213.
It is the opinion of this court that the maximum rent which could be legally charged by the defendant during the period from September, 1951, to August, 1952, was $30 per month. This rental unit was a controlled housing accommodation under the definition of Section 202(c) of the Housing and Rent Act of 1947, and prior thereto, and an order had been issued by the Rent Director establishing the above stated amount as the maximum rental. This order was rendered on the application of the owner lessor of the premises under date of January 1, 1942.
By Federal Statute enacted March 30, 1948, effective April 1, 1948, housing accommodations which were not rented during any successive twenty-four months between February 1, 1945 and March 31, 1948, other than to members of the immediate family of the landlord, were decontrolled. Section 202(c) (3) (B), Housing and Rent Act of 1948. Further the owner, F. J. Schuber, acquired from the Housing Expediter an order of decontrol of the premises dated October 1, 1948.
However, at the 1st Session of the 81st Congress the Housing and Rent Act of 1949 was enacted on March 30, 1949, effective April 1, 1949, and Section 202(c) (3) of the former Act was amended by striking out subsection (B) thereof, which amendment effected the recontrol of the dwelling unit owned by the defendant.
Section 205 of the Housing and Rent Act of 1947, as amended, provides that a tenant who is overcharged may recover from the landlord reasonable attorneys’ fees and costs as determined by the court, provided that the amount of liquidated damages shall be the actual amount of overcharges if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. Bona v. Tabone, Sup., 103 N.Y.S.2d 432.
Treble damages were not prayed for by the plaintiff and the good faith of defendant was not put at issue.
The court .reluctantly arrives at the above conclusion and opinion due to the fact that it feels that the equities in this case favor the defendant.
The trial judge awarded the plaintiff an attorney’s fee of $100 and counsel in his answer to the appeal has requested that this fee be increased to $300. In view of the amount involved and the fact that the matter has been 'carried to the Appellate Court, we think that a fee of $250 is rea *441 sonable. Dane & Northrop v. Selzer, La.App., 63 So.2d 760.
For the reasons assigned the judgment appealed from is amended by increasing the attorney’s fee from $100 to $250 and, as thus amended, it is affirmed.
Amended and affirmed.