JOSEPH SCERBO AND CONCETTA SCERBO, PLAINTIFFS,
v. CARMELO CONDRO AND ANNA MARIA CONDRO,
DEFENDANTS.

Bergen County District Court

Decided March 18, 1957.

*Mr. Victor P. Mullica,* attorney for plaintiffs.

*Mr. Anthony J. De Fiore,* attorney for defendants (*Mr. William B. Sandmeyer,* on the brief).

SCHNEIDER, J. C. C.   Defendants are landlords and owners of property at 418 Cliff Street, Fairview, New Jersey.   The plaintiffs rented an apartment from the defendants on March 1, 1952 and occupied the same until the present time.   They institute suit on 56 counts, claiming treble damages for overcharge of rent for 56 months, under *N. J. S.* 2A:42–38. It is conceded that the rent is $65 per month and that said premises were originally registered under the federal law for $25 per month.

The facts were originally stipulated by the parties.   The defendants admit ownership of the property and the deed was placed in evidence covering said ownership.   The premises were 418 Cliff Street, Fairview, New Jersey.   Under the federal law in existence some years ago, 50 *U. S. C. A. Appendix,* § 1881 *et seq.,* the premises were registered at $25 per month and neither party was a party to the original registration.   The defendants paid $4,500 for the property and spent some $8,000 to repair the premises.   They were then occupied by a member of the family for a period of more than two years.

The defendants, to be certain that the premises were decontrolled under a provision of the federal law that premises occupied by a member of the family for more than 24 months are decontrolled, applied to the federal agency for an opinion. A legal opinion was rendered by the agency that if the facts stated therein were correct, the premises were decontrolled. Both parties agree that this type of opinion was the method used by the federal agency and there is no challenge that the premises were decontrolled by reason of the facts and the opinion rendered.

At or about March 1, 1952, the premises, by now vastly improved over those originally registered, were rented to the plaintiff for $65 per month and occupied to date and the rent paid.

The opinion was given under the provisions of section 202(c) of the 1948 Federal Housing Act, *chapter* · 161 of 62 *Statutes at Large* 93. The opinion is dated March 29, 1949.

The plaintiff contends that despite the decontrol, on March 30, 1949 under *chapter* 42 of 63 *Statutes at Large* 18, every apartment that was decontrolled was recontrolled and that it became the duty of the landlord to rent the premises at the registered price or secure an increase by reason of the repair of the premises.

It is admitted that Fairview is still under rent control and municipal control is in existence.

The defendant contends that plaintiff cannot recover because the premises originally registered were different than those rented to the plaintiff. They state that at the time of the registration in October 1943 the premises consisted of a retail store across the front of the premises occupying more than one third of the ground floor. The store was used as a retail vegetable market and in the rear of the premises there were three dwelling rooms and a toilet, with access thereto through the store or a small entrance from the rear yard. At the time defendants purchased · in May 1945, the store was used as a commercial radio repair shop.

The premises were extensively rebuilt by installing central heating, hot water service, sewer service, new bath rooms, modern kitchens, insulation, new siding on outside, new roofs, made extensive repairs and improvements. They changed the front and incorporated the entrance ways outside the store into the apartment, altered the hallways and at the rear constructed a room. What was three rooms behind a store became an up-to-date 5 room apartment. The store area became the new living room.

Under the case of *Addiss v. Logan Corp.*, decided January 1957, 23 *N. J.* 142, which held a two-year statute of limitations applied, the court dismissed the first 32 counts, leaving the last 24 counts. It is conceded that the triple penalty would bring the total amount to $2,880 if a verdict was to be granted for the full amount.

It would appear that the defendants acted in good faith under an honest belief the premises were decontrolled. The defendants are not rent gougers and there is no evidence or dispute that the rent was reasonable for the premises.

1. Our first question is whether, despite the reluctance of the courts to inflict penalties, we are bound to grant a verdict for $2,880 by reason of a technical interpretation of the law.

In *Friedman v. Podell*, 21 *N. J.* 100 (1956), the court permitted the imposition of a penalty holding that though this civil penalty required strict construction, it could not stifle legislative design, in view of a liberal construction to effect the purposes of the State Rent Control Act. The court also held that the one-year rent limitation upon recovery was applicable to each month's violation. The court permitted a treble recovery for twenty months rent in this case and sustained the jurisdiction of the District Court.

The State Rent Control Act does not authorize mitigation of damages recoverable thereunder on grounds of good faith. *Herr v. Goetz*, 39 *N. J. Super.* 463 (*App. Div.* 1956).

In the case of *Dunlap v. Navarro*, 326 *Mass.* 700, 96 *N. E.* 2d 397 (*Mass. Sup. Jud. Ct.* 1951), property was decontrolled under the 24 months' use by the owner. The court held

that the Housing & Rent Act of 1949, effective April 1, 1949, omitted the words covering this section, and the premises were recontrolled. See also *United States v. Earl Holding Co.*, 88 *F. Supp.* 1000 (*D. Ct.* 1950); *United States v. Friedman*, 89 *F. Supp.* 957 (*D. Ct.* 1950), and *United States v. Asher*, 90 *F. Supp.* 257 (*D. Ct.* 1950). The court held that no rights were violated by the recontrol, quoting *Fleming v. Rhodes*, 331 *U. S.* 100, at *page* 107, 67 *S. Ct.* 1140, at *page* 1144, 91 *L. Ed.* 1368:

"Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it. Immunity from federal regulation is not gained through forehanded contracts. Were it otherwise the paramount powers of Congress could be nullified by 'prophetic discernment.'"

In this case, the court went on to give the legislative background of the recontrol of the premises:

"It appears from report No. 215 of the House committee on banking and currency, accompanying *H. R.* 1731, which afterwards became the Housing and Rent Act of 1949, that 'Decontrol of housing units not rented for a 24 month period after February 1, 1945, as provided in existing law has not accomplished the purpose for which it was designed. Instead of resulting in any substantial addition to the supply of rental housing, it has been used to effect decontrol of housing accommodations through mere shift in occupancy; that is, a landlord would evict a tenant from a controlled unit for his own occupancy and then rent on a higher basis the unit which he previously occupied."

It also appears from *Report No.* 127 of the Senate Committee on Banking and Currency, accompanying said *H. R.* 1731, that

"Your committee also recommends that there be included authority for recontrolling, on the recommendation of a local board, housing units not rented for a 24 month period after February 1, 1945. Decontrol of housing units not rented for a 24 month period after February 1, 1945, as provided in existing law, has not accomplished the purpose for which it was designed. Instead of resulting in any

substantial addition to the supply of rental housing, it has been used to effect decontrol of housing accommodations through mere shift in occupancy; that is, a landlord would evict a tenant from a controlled unit for his own occupancy and then rent on a higher basis the unit which he previously occupied."

It is therefore plain that Congress intended to recontrol by the act of 1949 housing accommodations which had not been rented during a 24-month period after February 1, 1945.

In *Bona v. Tabone, et al* 103 *N. Y. S. 2d* 432 (*Sup. Ct.* 1951), there was a suit for treble damages which closely paralleled this case. Here the owner's son and family occupied the premises for three years from March 1946 to March 1949. The registered rental was also $25 as in this case. They consulted an attorney, who informed them that the premises were decontrolled. The premises were rented April 1949 for $65, as in our case. The court held the maximum rent to be $25 and held the premises to be a controlled rental. It set forth the decontrol under the 1948 Housing Act by reason of occupancy for the 24-month period as provided in that act. The court continued:

"However, at the 1st Session of the 81st Congress, the Housing and Rent Act of 1949 was enacted on March 30, 1949, effective April 1, 1949. and Section 202(C)(3) of the former Act was amended by striking out subsection (B) thereof which amendments effected the re-control of the dwelling unit owned by the defendants."

In this case only single damages were permitted for lack of willfulness as provided in the federal law, which provision has not been carried into our present law.

2. The defendants contend that the premises in question as rented to plaintiff for $65 are not the same premises originally rented and registered for $25.

Defendants point out that under the original rent regulations of the Office of Price Administration which controlled regulation of rents, structures not used for dwelling purposes were not subject to rent regulation, but where dwelling and business were combined, they could be subject to regulation unless rented to one tenant, under a single lease, calling

for a single rent. If the premises are separable only the dwelling portion is subject to regulation. If not separable, we must determine what is the predominant use. If not separable either both portions are subject to regulation or neither is controlled.

The premises under the regulations were separable if it was feasible for tenant to remain in occupancy of the dwelling portion while some other person could use the business portion.

The premises are separable if they are in separate structures, or have separate means of access in one structure, and neither portion is needed for access to the other or the dwelling portion could be shut off from the other.

If the rental value of the business portion is clearly in excess of rental value of dwelling portion, it is free of control.

The question arises whether we may consider that the rental for $65 of the newly created premises was a first renting of these premises.

After the first stipulation of facts, the court was of the opinion that the briefs filed by the parties required the taking of additional testimony. The plaintiffs produced testimony from the original owner of the property, Mrs. Natalie Greenwald. This showed that she and her husband owned the property from 1928 to 1941, and they built the building on the premises. The building was built for business purposes, and used by them as a delicatessen. There were three rooms in the rear of the store and a five-room apartment upstairs. There were two large windows in front. It was later used as a vegetable store by a tenant. In 1935 the tenant on the first floor moved out and the premises were converted to residence. The windows were taken out and the store area used as a living room.

We are concerned only with the first floor. In 1941 this owner lost the property by foreclosure and they removed from the premises.

The defendants are an aged couple who speak little English. Their children testified that at the time their parents pur-

chased the premises, there was a radio repair shop there, with a sign on the street advertising the business. The rent was $25 for the first floor and the radio repair man lived in the rooms in the rear. He moved out a little more than a month later, but never paid them the rent.

The rebuilding of the premises was extensive. The original store area was reduced in size and part of it was included in another room and part in a new hallway. A new heating system, hot water plant, new entrance, siding on exterior of building were all done. A small room, six feet by four feet, was added by building on a small open porch that previously existed. A new bathroom was built where only a toilet existed before, the kitchen was tiled, the old stucco removed and the premises were decorated. The repairs were over $8,000, of which $3,300 was for a heating system. A new sewer connection was made.

The plaintiffs contend that the premises were not used for business purposes, and bring in neighbors to prove it. They contend that the premises have not changed and tenant has less space than when it was a store because of space put into hallway. They contend the new room, being only six feet by four feet, is not a room.

One of their witnesses is 20 years old, and was seven at the time of registration. Her recollection is not good, and another witness, a daughter of the original owner, who lived next door, refused to say that the business was not there, but only said she did not see it.

The defendants produced a real estate expert who was familiar with the property when purchased by plaintiffs. She held it to be primarily a store, with little or no value for the rooms. She testified that if she had to split up the rental of $25, she would not allow $10 for the rental of the rooms in the rear of the store. She also knew of the radio repair shop.

The court is of the opinion that the premises were primarily business in character at the time of purchase by defendants, and the store had the greater value than the residence area. It would therefore appear that under the

federal regulations these premises were not under rent control, and the technical provision of the 1949 law would not control.

■ In addition, it can hardly be said that these premises were the same as those rented originally. It would be unjust to permit plaintiffs to become enriched under the statute on facts such as existed in this case.

It appears to the court that the premises rented to plaintiffs for $65 were not the same premises previously registered. The area was completely different, number of rooms different, and the facilities were completely different. The original registration statement was filed by a different landlord and a different tenant and for different premises, even though the address was the same.

In *Weiderman v. Recklinghausen,* 278 *App. Div.* 289, 105 *N. Y. S.* 2d 513 (*Sup. Ct.* 1951), affirmed 303 *N. Y.* 633, 101 *N. E.* 2d 705 (*Ct. App.* 1951), the court held that a renting of a five-room apartment could not be considered a renting of former four-room accommodation. It held that it was the renting of a new apartment that was not in existence previously and the maximum rent was the first rent collected.

There are other cases to like effect. *Morrison v. Taylor,* 145 *F.* 2d 446 (5 *Cir.* 1944), held a structure free of rent control where used predominantly for business.

In *Prince v. Davis,* 195 *Misc.* 901, 87 *N. Y. S.* 2d 600 (*City Ct.* 1949), the court held a subsequent rental after premises had originally been rented so as not to come under the Rent Control Law, because a new rental was constituted a "first rent."

For the reasons set forth above, judgment will be entered in favor of the defendants for no cause of action.