22668. ROBERTS *v.* H. C. WHITMER COMPANY.

JENKINS, P. J. 1. "The rule is that where an agreement consists of a single promise, based on a single consideration, if either is illegal, the whole contract is void. But where the agreement is founded on a legal consideration containing a promise to do several things or to refrain from doing several things, and some only of the promises are illegal, the promises which are not illegal will be held to be valid." Rawleigh Medical Co. *v.* Walker, 16 Ala. App. 232 (77 So. 70, 72) ; 13 C. J. 512, 513. See also Civil Code (1910), §§ 4247, 4251; *Mechanics Realty & Improvement Co.* v. *Leva,* 16 *Ga. App.* 7 (2) (84 S. E. 222). Thus, where the consideration and promises are divisible in containing a lawful agreement to purchase and sell goods coupled with a separable promise in unlawful restraint of trade, any unenforceability of the latter will not affect the validity of the former agreement. *Hood* v. *Legg,* 160 *Ga.* 620 (4) (128 S. E. 891) ; Smith's App., 113 Pa. 579 (6 Atl. 251) ; 13 C. J. 513, note 37, and cit.

2. Whether or not a contract between a manufacturer and a purveyor of its goods under an agreement for their purchase and resale by the latter, and promising to "sell no other goods than those sold" him by the manufacturer, with other duties and rights similar to those of a sales agent, contains such an agreement as would come within the rule that "a contract without limitation as to space or territory, although limited as to time, not to engage in a particular trade or business, is unenforceable as being against the policy of the law" (*Everett* v. *Boone,* 157 *Ga.* 372, 121 S. E. 240; *Bonner* v. *Bailey,* 152 *Ga.* 629, 110 S. E. 875; *Seay* v. *Spratling,* 133 *Ga.* 27, 65 S. E. 137; Civil Code (1910), § 4253), it is not necessary in this case to decide, since the suit is based solely on a lawful agreement to buy and pay for the goods of the plaintiff manufacturer, which is divisible from the alleged illegal promise to "sell no other goods," and such lawful agreement is enforceable under the rule in the preceding paragraph, irrespective of what might be the application of

the rule stated in this paragraph to the facts of the instant case. It was therefore not error to overrule the demurrer to the petition.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 13, 1933.

*P. Z. Geer*, for plaintiff in error. *N. L. Stapleton*, contra.