## 53663. DREWRY v. ROBINSON.

MARSHALL, Judge.
The trial court did not err in entering summary judgment in favor of the plaintiff-appellee, in his action

against his client, defendant-appellant, for attorney fees, based on a showing that the parties had executed a valid written contract for the plaintiff to represent the defendant regarding all sales, leases and condemnations, if any, on a tract of land owned by the defendant for a stipulated fee; that the plaintiff had performed a variety of services preparatory to and including the sale of this realty; that the amount of the total fee to which the plaintiff is entitled can be computed by applying the stipulated 10% of the sale price to the undisputed amount of the sale price; that the defendant had paid a portion of the attorney fee; and that the plaintiff had made a demand for the payment of the balance due, which the defendant had refused.

The issues contended by the appellant to exist — as to the plaintiff's alleged breach of the contract by collecting interest where no provision therefor is provided or implied, whether there is or was an oral agreement as to interest, and the value of services based upon the quantum meruit theory alleged in Count 3 of the complaint — are not involved in the case. The court's order specified that the amount awarded the plaintiff was arrived at "without taking into consideration the oral contract entered into between plaintiff and defendant as to interest." It was not necessary to ascertain the value of the plaintiff's services, because the judgment was based on the written contract as alleged in Count 1, as to which there was adequate proof, the quantum meruit allegation in Count 3 being merely an alternative statement of the claim, as permitted by Code Ann. § 81A-108 (a), (e) (2) (Ga. L. 1966, pp. 609, 619; as amended by Ga. L. 1967, pp. 226, 230, in effect on the date of the filing of the complaint).

A computation of the difference between the amounts shown by the evidence and found by the trial judge for the total commissions payable and those already paid, reveals that the judgment was for a sum which was in excess of the balance due in the amount of $4,355.66. Accordingly, the judgment is affirmed on condition that this excess amount be written off; otherwise reversed.

*Judgment affirmed on condition. Deen, P. J., and Webb, J., concur.*

434

*Parks, Eisenberg & Weinstein, David S. Eisenberg,*
for appellant.
*James E. Hardy,* for appellee.