## 56256. NEWBORN v. TRUST COMPANY BANK et al.

McMurray, Judge.

This case involves a complaint for damages resulting from an alleged breach of contract of employment by the plaintiff, Jay A. Newborn, against Trust Company Bank and three other defendants as employees of defendant bank. Plaintiff alleges he was employed to market certain real estate of the defendant bank under an oral agreement of two of the defendant employees. He alleges said marketing efforts were to include "market analysis, preparing properties to place them in a salable condition and to sell the properties to builders and individuals." Plaintiff also alleges the parties differed as to the method of payment for his employment, and plaintiff seeks judgment on a quantum meruit basis for compensation due him seeking also certain injunctive relief, attorney fees and punitive damages.

Defendant Trust Company Bank answered separately and the other defendants answered jointly and in general denied the averments of the complaint, although admitting that the bank had had discussions with plaintiff with regard to the performance of certain marketing related services for certain real properties on behalf of the bank and that plaintiff had rendered certain marketing related services for certain real properties on behalf of the bank and that plaintiff had received compensation in connection with the sale of certain of these properties. However, defendants deny that plaintiff is entitled to any relief he has sought.

As a part of the pleadings attached to the petition plaintiff attached a letter from the defendant bank setting forth a proposed agreement as to payment due him as a "temporary contract employee," which states he had not

been provided with pension coverage, medical insurance, accident insurance, life insurance or any other benefit usually extended by said bank to its permanent employees.

Based upon certain affidavits attached defendants all jointly moved for summary judgment by reason of the fact that plaintiff's failure to possess a real estate broker's or salesman's license as required by Code Ann. § 84-1402 (Ga. L. 1973, pp. 100, 102) resulted in his failure to state a claim. An affidavit of a real estate commissioner of the Georgia Real Estate Commission showed that plaintiff possessed no real estate broker's or salesman's license and specifically, "during the period from January 1, 1977, to May 1, 1977." An affidavit of a vice president of the bank who served as assistant manager of the personnel department "in which Department all employment and personnel operations records of Trust Company are maintained," failed to show plaintiff was an employee, either full or part time, during the same period. One of the defendant employees also deposed in his capacity as manager of the "Other Real Estate Division," that no agreement, oral or written, was ever reached as to the performance by the plaintiff as to "marketing-related efforts on a full-time basis in connection with properties owned . . ." by the bank. He further deposed that the plaintiff was never engaged full time in marketing their properties. On the date of the hearing of the motion for summary judgment (February 3, 1978) plaintiff filed an amendment to his petition wherein he alleges he worked 60 to 70 hours per week marketing all the properties of the bank under an oral agreement of employment between him and two of the defendants as agents and employees of defendant bank, "from January 1, 1977, to approximately February 15, 1977." He further alleged: "Plaintiff worked fewer than 60 hours per week for the balance of February . . . Plaintiff devoted approximately 40% of his time to the marketing of said properties in March and only a few hours to said marketing efforts in April. Said decrease in hours and full-time employment were the result of non-payment . . ." as to certain of the properties and "the failure to obtain a written agreement from defendants which encompassed the oral agreement in toto."

Defendants' joint motion for summary judgment was granted and sustained, and plaintiff's complaint was dismissed with prejudice. Plaintiff appeals. *Held:*

Code Ann. § 84-1403 (Ga. L. 1973, pp. 100, 103), provides certain exceptions to the real estate broker's and salesman's law as follows: "(h) any person employed on a full-time basis by the owner of property for the purpose of selling, buying, leasing, managing, auctioning or otherwise dealing with such property; (i) any person acting as a referral agent who is not involved in the actual negotiations, execution of documents, collection of rent, management of property or other related activity which involves more than the mere referral of one person to another." It is noted in the pleadings in the exhibit attached to plaintiff's petition that plaintiff would have no authority whatsoever to enter into any contract or agreement on behalf of the bank. Exactly what plaintiff's duties were is in dispute, although defendant bank admits plaintiff did perform certain "marketing related services for certain real properties on behalf of . . ." the defendant bank. Further, plaintiff's amendment offered on the date of the hearing alleges that he was certainly a full-time employee albeit a "contract employee" wherein he avers he worked for certain periods for "60 to 70 hours per week" for a part of the period; fewer than 60 hours per week for the balance of February and 40% of his time in March. Under the real estate law cited if he was employed on a full-time basis or merely acted as a referral agent "who is not involved in the actual negotiations, execution of documents, collection of rent, management of property, or other related activity which involves more than the mere referral of one person to another," he would not be required to obtain a real estate broker's or salesman's license. It is quite clear that questions of material fact exist as to whether or not the plaintiff was a limited employee of the defendant bank or was he a person acting as an independent contractor-agent which would require him to obtain a real estate broker's license. All pleadings, evidence and testimony and agreements or proposed agreements before the court must be construed most favorably to the plaintiff in consideration of the motion for summary judgment brought by the defendants. The

evidence before the court shows that the defendants admit that the plaintiff had been employed in some capacity although defendants deny that plaintiff was a full-time employee in their evidence submitted in support of their motion for summary judgment. However, issues of material fact remain since all of the averments of plaintiff's complaint have not been pierced to show whether or not plaintiff's complaint is barred by reason of his failure to possess a real estate broker's license. Movants have failed to show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A substantial issue remains as to the status of this employee, albeit he is a very limited one, and the trial court erred in granting summary judgment. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (1) (126 SE2d 442); *Robertson v. Southland Life Ins. Co.,* 127 Ga. App. 143, 145 (192 SE2d 910); *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14, 15 (3a) (198 SE2d 381) and cits.

*Judgment reversed. Qulllian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED OCTOBER 23, 1978 — REHEARING DENIED NOVEMBER 14, 1978.

*Wilson & Colson, James O. Wilson, Jr., Charles T. Autry,* for appellant.

*King & Spalding, H. Hall Ware, III, A. Felton Jenkins, Albert H. Conrad,* for appellees.