## 57148. BERCHENKO v. FULTON FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA et al.

SMITH, Judge.

Appellant, expecting compensation, procured a purchaser for certain real property owned by Fulton Federal. Appellant was not licensed under Code Ch. 84-14, and thus the trial court was correct to grant summary judgment to Fulton Federal in this suit brought

by appellant to collect a "finder's fee."

Code § 84-1402 provides: "(a) Any person who, directly or indirectly for another, with the intention or upon the promise of receiving any valuable consideration, offers, attempts or agrees to perform, or performs, any single act defined in section 84-1401(b), whether as a part of a transaction or as an entire transaction, shall be deemed a broker, associate broker or salesman within the meaning of this Chapter. The commission of a single such act by a person required to be licensed under this Chapter and not so licensed shall constitute a violation thereof. (b) From and after July 1, 1973, it shall be unlawful for any person, directly or indirectly, to engage in or conduct, or advertise or hold himself out as engaging in or conducting the business, or act in the capacity of a real estate broker, associate broker or a real estate salesman within this State without first obtaining a license as such broker, associate broker or salesman, as provided in this Chapter, unless he is exempted from obtaining a license under section 84-1403." Code § 84-1401(b) defines "broker" as "any person who, for a fee, commission or any other valuable consideration, or with the intent or expectation of receiving the same from another, negotiates or attempts to negotiate, or assists in procuring of prospects for the listing, sale, purchase, exchange, renting, lease or option for any real estate, or of the improvements thereon, including persons holding themselves out as referral agents for the purpose of securing prospects for the listing, sale, purchase, exchange, renting, lease or option for any real estate, or collects rents or attempts to collect rents, or who advertises or holds himself out as engaged in any of the foregoing." We believe it is clear from the above provisions that the legislature intended to require a person to obtain a license before procuring real property purchasers in return for compensation. The exception set out in Code § 84-1403 (i) is inapposite, since it and the other exceptions stipulated in that section apply only "[e]xcept as otherwise provided in this Chapter." As we have indicated, other provisions of the chapter mandate that appellant was to have secured a license, and, because of his failure to do so, he is prohibited from "maintain[ing] any action in the courts of this State for the collection of

compensation for the performance of any of the acts mentioned in this Chapter." Code § 84-1404 (a).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED JANUARY 16, 1979 — DECIDED MARCH 16, 1979 — REHEARING DENIED MARCH 30, 1979 —

*Hicks, Maloof & Campbell, Paul D. Copenbarger,* for appellant.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch, Terry Close,* for appellees.