## 58251. KEENAN COMPANY et al. v. PAMLICO, INC.

BANKE, Judge.

Appellants, plaintiffs below, filed suit in Bibb County against appellee, a Georgia resident, seeking recovery of a real estate commission allegedly due on a contract for the sale of land. The trial court granted summary judgment for defendant "based upon the failure of plaintiffs to be licensed as real estate brokers or salesmen under the law of Georgia . . ."

The uncontested facts show that appellants are realtors licensed to do business in South Carolina, that they are not licensed by Georgia as real estate brokers or salesmen, and that appellant Keenan entered into a non-exclusive listing agreement with appellee concerning the sale of a large tract of land in North Carolina. Appellant Russell, also a South Carolina realtor was to have shared any commission so earned by virtue of an agreement to assist Keenan in locating a buyer. Keenan's agent came to Georgia on three separate occasions to conduct the negotiations which culminated in the contract in issue.

In granting summary judgment to the appellee, the trial court relied upon Code Ann. § 84-1404 (a) which provides as follows: "No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in this chapter without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action arose." Appellants contend both that the statute does not require the broker or salesman to be licensed in Georgia as a prerequisite to filing suit here and that, if it does, it is unconstitutional. Appellants originally brought this appeal in the Supreme Court due to the constitutional attack, but the case was subsequently transferred to this court. *Held:*

1. Appellants contend that the statute requires on its face only that brokers be licensed, not that they be licensed in Georgia. However, Code Ann. § 84-1402 provides: "(a) Any person who, directly or indirectly for another, with the intention or upon the promise of receiving any valuable consideration, offers, attempts or

agrees to perform, or performs, any single act defined in Section 84-1401 (b), whether as a part of a transaction or as an entire transaction, shall be deemed a broker, associate broker, or salesman within the meaning of this chapter. The commission of a single such act by a person required to be licensed under this chapter and not so licensed shall constitute a violation thereof; and (b) From and after July 1, 1973, it shall be unlawful for any person, directly or indirectly, to engage in or conduct, or advertise or hold himself out as engaging in or conducting the business, or act in the capacity of a real estate broker, or a real estate salesman within this state without first obtaining a license as such broker, associate broker, or salesman, *as provided in this chapter,* unless he is exempted from obtaining a license under section 84-1403." (Emphasis supplied.) The trial court found, and we agree, that certain exceptions provided for in Code Ann. § 84-1403 do not apply to appellants in this case. Additional support for the interpretation that Code Ann. § 84-1404 (a) makes reference to a Georgia license is found in Code Ann. § 84-1415, which provides as follows: "(a) [A] non-resident of this state who is actively engaged in the real estate business and who maintains a place of business in his resident state and who has been duly licensed in such other state to conduct such business in that state, such state having entered into a reciprocal agreement with the State Real Estate Commission in regard to the issuance of reciprocal licenses, may, in the discretion of the commission be issued a non-resident broker's license." This statute would be totally meaningless if Code Ann. §§ 84-1402 and 1404 were interpreted to apply only to residents of this state. We are obliged to interpret statutes so that they have meaning whenever possible. Accord, *King v. State Farm Mut. Ins. Co.,* 117 Ga. App. 192 (160 SE2d 230) (1968). We conclude that Code Ann. § 84-1404 (a) required the allegation and proof by plaintiffs that they were licensed by this state as real estate brokers or salesmen in order to bring suit.

2. By virtue of the transfer of this case to this court by the Supreme Court, we conclude by necessary implication that the statute involved is constitutional. However, we must determine whether upon the

undisputed facts, its invocation properly barred plaintiff from the courthouse.

Although there are no Georgia cases on point, it has been held that a New Jersey statute similar to Georgia's applied where some "implicating incidents" occurred in New Jersey, regardless of whether the brokerage contract was entered into there or in some other state. See Stahl v. Township of Teaneck, 162 FSupp. 661 (D.C.N.J. 1958). The ventures of plaintiff's agent into Georgia to obtain the contract were precisely the sort of real estate brokerage or sales activity encompassed by Code § 84-1401 et seq., and "it comes well within a reasonable exercise of the police power of the State to protect the public from fraud, misrepresentation, incompetence and sharp practice." Stahl v. Township of Teaneck, supra at 669. It follows that the trial court correctly denied summary judgment for appellants and properly granted summary judgment for appellee.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 26, 1979 — DECIDED OCTOBER 31, 1979 — REHEARING DENIED NOVEMBER 26, 1979 —

*H. Jerome Strickland, Hubert C. Lovein, Jr.,* for appellants.

*George C. Grant,* for appellee.