35041. BERCHENKO v. FULTON FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA, INC.

UNDERCOFLER, Presiding Justice.

Berchenko, claiming to be a referral agent entitled to a "finders fee" from Fulton Federal under an oral

agreement to bring forward a purchaser for a mobile home court, complains the Court of Appeals erred in affirming the trial court's grant of summary judgment in favor of Fulton Federal.[1] We granted certiorari to consider two questions: (1) Whether a person acting as a "referral agent" within the meaning of Code Ann. § 84-1401 (b) can be exempt from the requirements of licensure by Code Ann. § 84-1403 (i); and (2) Whether the definition of broker to include "referral agent" in Code Ann. § 84-1401 (b) "repealed" the exemption favoring a referral agent in Code Ann. § 84-1403 (i). We answer both questions in the negative.

1. A careful reading of the statutes shows §§ 84-1401 (b) and 84-1403 (i) are not incompatible and that one does not "repeal" the other.

2. Code Ann. § 84-1401 (b) defines a "broker" and includes within that definition a "referral agent." In both instances, the statute defines those persons in terms of one "who receives or with the intent or expectation of receiving a fee, commission or any other valuable consideration" for his services. Under § 84-1402 (a) and (b), a broker working for some type of compensation for his services had to be licensed and if not licensed after July 1, 1973, violated the law. Code Ann. § 84-1402 (a) and (b) (Ga. L. 1973, pp. 100, 102). The General Assembly recognized, however, that certain activities were routinely carried out by regularly employed persons incidental to the purchase or sale of real estate and these persons could technically be in violation of the law. In § 84-1403, these persons were excepted from the requirement for licensure. Code Ann. § 84-1403 (Ga. L. 1973, pp. 100, 103). None of the nine sub-sections in § 84-1403 relate to persons who will personally receive a fee, commission or other valuable consideration from the seller for services rendered outside of their regular employment.[2] In sub-section (i), *those who merely refer one*

---

[1] See *Berchenko v. Fulton Federal Savings & Loan Assn. of Atlanta,* 149 Ga. App. 526 (254 SE2d 745) (1979).

[2] For example, a licensed, practicing attorney, while receiving a fee for his legal services at closing, is not

*person to another* are likewise exempted from the licensure requirement; however, if a fee, commission or other valuable consideration is promised or intended to be paid for the referral service, by definition, the referral agent is a broker and must be licensed. See *Newborn v. Trust Co. Bank,* 148 Ga. App. 70, 72 (251 SE2d 45) (1978). Nothing in *Newborn,* supra, permits an unlicensed individual involved in the selling of real estate to recover compensation by claiming to be exempted from licensure under § 84-1403 (i) as appellant contends.

*Judgment affirmed. All the Justices concur, except Jordan and Hall, JJ., who dissent and Marshall, J., who is disqualified.*

ARGUED SEPTEMBER 10, 1979 — DECIDED
NOVEMBER 21, 1979.

*Hicks, Maloof & Campbell, Paul D. Copenbarger, Charles E. Campbell,* for appellant.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch, Terry Close,* for appellee.

entitled to a fee or commission for procuring a purchaser unless licensed as a broker, associate broker or salesman.