## 58904. KRIZAN v. NEWMAN & COMPANY et al.

BANKE, Judge.

This is an action to recover a broker's fee from the sale of an Atlanta hotel. The trial court granted defendants' motion for summary judgment based upon Code Ann. § 84-1404 (a), which provides: "No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in this chapter without alleging and proving that he was a duly licensed real estate broker or

salesman at the time the alleged cause of action arose."
Plaintiff contends that a Georgia real estate license was
not required because the sale did not involve a Georgia
contract and that, even if the contrary is true, he was
merely a referral agent and thus exempted from the
license requirement by statutory exception. (Code Ann. §
84-1403 (i)). *Held:*

1. It is undisputed that plaintiff was licensed as a
realtor in Iowa, but not in Georgia, and that he arranged a
meeting between the prospective parties to the sale in
DeKalb County, where the property is located. He was
present at that meeting and on a later occasion met again
with the parties to inspect the property. The trial court
found, and we agree, that these contracts in Georgia are
"[t]he very activities which plaintiff claims entitled him
to a commission . . ." "The Georgia licensure statute does
not require a real estate broker who is licensed by and
performs a brokerage contract in another state to be
licensed here. The statute requires the broker to be
licensed only in cases where the broker performs his
services under the contract 'within any county in this
State.' " *Mathews v. Greiner,* 130 Ga. App. 817, 823 (204
SE2d 749) (1974). Whether the contract in question is a
"Georgia contract" or otherwise is immaterial. Accord,
*Keenan Co. v. Pamlico, Inc.,* 152 Ga. App. 502 (1979).

2. By definition in our statute, a "broker" is one
"who, for a fee, commission, or any other valuable
consideration, or with the intent or expectation of
receiving the same from another negotiates or attempts to
negotiate, or assists in procuring of prospects for the
listing, sale, purchase, exchange, renting, lease or option
for any real estate, or of the improvements thereon,
including persons holding themselves out as referral
agents for the purpose of securing prospects for the listing,
sale, purchase, exchange, renting, lease or option for any
real estate, or collects rents or attempts to collect rents, or
who advertises or holds himself out as engaged in any of
the foregoing." Code Ann. § 84-1401 (b). Code Ann. §
84-1402 provides: "(a) Any person who, directly or
indirectly for another, with the intention or upon the
promise of receiving any valuable consideration offers,
attempts or agrees to perform, or performs, any single act

defined in Section 84-1401 (b), whether as a part of a transaction or as an entire transaction, shall be deemed a broker, associate broker or salesman within the meaning of this chapter. The commission of a single such act by a person required to be licensed under this chapter and not so licensed shall constitute a violation thereof. (b) From and after July 1, 1973, it shall be unlawful for any person, directly or indirectly, to engage in or conduct, or advertise or hold himself out as engaging in or conducting the business, or act in the capacity of a real estate broker, associate broker or a real estate salesman within this state without first obtaining a license as such broker, associate broker or salesman, as provided in this chapter, unless he is exempted from obtaining a license under Section 84-1403."

In addition to the plaintiff's activities within the state described above, the uncontested evidence shows that he held himself out as an agent for the sale of the property in the expectation of earning a broker's fee for his services. He also obtained financial background information concerning the property from the sellers and furnished it to the representatives of the purchasers. We conclude that appellant was acting as a broker, rather than a referral agent, and thus that he was subject to the license requirements of the statute. Accord, *Berchenko v. Fulton Fed. Sav. &c. Assn.*, 149 Ga. App. 526 (254 SE2d 745) (1979), affd. 244 Ga. 733 (1979).

3. Plaintiff contends that defendants knew that he did not have a Georgia real estate license and that they are thus estopped from asserting his lack of a license as a defense to his claim. While the record does not disclose when defendants became aware of plaintiff's lack of a Georgia real estate license, we consider that issue immaterial. The statute which bars plaintiff's maintenance of this action is one founded upon public policy and purpose. Any benefit to the defendant in this regard is incidental to the public interest. The principle exists in contract law and has been with us for many years. "It is objected that the defendant should not be heard, to set up the illegality of the transaction for his own benefit. The reply is, that courts sustain such a defense, not for the sake of the defendant, but upon general

principles of public policy." *Bugg v. Towner,* 41 Ga. 316, 319 (1870).

4. Plaintiff's contention that Code Ann. § 84-1401 et seq. while not unconstitutional on its face is unconstitutional as applied to the facts of this case is without merit. Accord,*Keenan Co. v. Pamlico,Inc.,* supra.

*Judgment affirmed. Quillian, P. J., and McMurray, P. J., concur.*

ARGUED OCTOBER 30, 1979 — DECIDED JANUARY 8, 1980 — REHEARING DENIED FEBRUARY 7, 1980 — 

*Terrance C. Sullivan, Denny M. Dennis,* for appellant.
*L. Penn Spell, Jr.,* for appellees.