## 35915. KEENAN COMPANY et al. v. PAMLICO, INC.

BOWLES, Justice.

Certioriari was granted to review the Court of Appeals' decision in *Keenan Co. v. Pamlico, Inc.*, 152 Ga. App. 502 (263 SE2d 197) (1979). The case arose as a suit filed by The Keenan Company seeking recovery of a real estate commission allegedly due on a contract for the sale of land. The trial court granted summary judgment for Pamlico, Inc. based on Code Ann. § 84-1404 (a) which requires one to be duly licensed as a real estate broker or salesman under the law of Georgia in order to maintain any action for the collection of real estate commissions. The Court of Appeals affirmed. We reverse, finding the sale in this case to be an interstate transaction, such that Code Ann. § 84-1404 (a) would not apply to bar suit in the courts of this state.

The Keenan Company and Bob Russell Realty, Inc. filed suit in Bibb Superior Court against Pamlico, Inc., a Georgia corporation seeking recovery of a $1,110,000 real estate commission upon a sale involving some 22,000 acres of Pamlico's land located in North Carolina. The Keenan Company and Bob Russell Realty were South Carolina realtors, licensed under the laws of that state. They maintained no offices in the State of Georgia. Pamlico answered, denying liability for the commission. Among other defenses, Pamlico asserted Keenan and Russell were barred from filing suit in a Georgia court because they did not have Georgia real estate licenses as required by Code Ann. § 84-1404. Keenan and Russell filed a motion to strike this defense on the ground that Code Ann. § 84-1404 could not constitutionally be applied to them upon the facts of this case, as it would violate the commerce clause of the United States Constitution, Art. I, Sec. VIII, Cl. 3 (Code Ann. § 1-125).

Both parties moved for summary judgment. The trial court granted Pamlico's motion and the Court of Appeals affirmed, finding that appellant's agent had ventured into Georgia in furtherance of the contract, and thus were involved in activity encompassed by Code Ann. § 84-1401, et seq.

Code Ann. § 84-1404 (a) provides:

"No person shall bring or maintain any action in the Courts of this State for the collection of compensation for the performance of any of the acts mentioned in this Chapter without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action arose."

The prohibition of this Code section bars suit only if the services performed by the plaintiff, which entitle him to a commission, were performed within the State of Georgia. See *Mathews v. Greiner,* 130 Ga. App. 817 (204 SE2d 749) (1974). Where all acts essential to the recovery of a commission are performed outside of this state, the statute has no applicability.

In reviewing the record in the instant case, it is clear to us that the transaction involved was an interstate transaction. Two South Carolina brokers arranged for the sale of North Carolina real estate owned by a Georgia corporation to a California trust. After the sale contract was consummated by an acceptance telegram from the trustee in Reno, Nevada, to Pamlico in Macon, Georgia, Pamlico entered into a formal commission agreement with Keenan providing for the payment of a ten percent commission on the sale. The commission contract was finalized in South Carolina. The transaction did not close as scheduled. However, the real estate brokers felt that they were entitled to their commission, they having produced a purchaser ready, willing and able to purchase on the terms agreed upon by Pamlico.

The Russell Realty broker never physically entered the State of Georgia in regard to this transaction. All of his business was conducted by mail or telephone from Columbia, South Carolina, with two trips to the property in North Carolina and one trip to Nevada for the closing. The Keenan Company realtor performed most of his work by mail or telephone from his office in South Carolina. He did enter the state on three occasions. On October 17, 1974, the realtor came to Macon on the invitation of Pamlico to see a presentation of the tract. The realtor delivered the first offer on the property directly to Pamlico's office. This offer was rejected and all subsequent contract negotiations were handled by mail. The third trip was in regard to the commission agreement,

whereby the realtor came to get Pamlico to sign the agreement. He picked up a commission agreement previously mailed to Pamlico and revised by them, and took it back to South Carolina for initialing by an officer of Keenan. The broker entered the State of Georgia only in furtherance of an isolated interstate sales transaction. Neither appellant maintains offices here, employs salesmen here, or regularly transacts business here.

We hold that Code Ann. § 84-1404 does not bar the appellants access to the courts of this state on the basis of their not having Georgia real estate licenses, when their sole contacts with this state have been in furtherance of an isolated interstate sales transaction. There is no public interest of this state to be served by regulating the activities of licensed real estate brokers of other states, which take place outside the state, and we thus interpret the applicable Georgia statute accordingly.

We reverse the Court of Appeals and the trial court's grant of summary judgment to Pamlico.

*Judgment reversed. All the Justices concur, except Undercofler, C. J., who dissents.*

ARGUED MARCH 11, 1980 — DECIDED MAY 27, 1980 — REHEARING DENIED JUNE 9, 1980

*Jones, Cork, Miller & Benton, H. Jerome Strickland, Hubert C. Lovein, Jr.,* for appellants.

*Martin, Snow, Grant & Napier, George C. Grant,* for appellee.

UNDERCOFLER, Chief Justice, dissenting.

In my opinion the trial courts' finding of acts performed in Georgia by the Keenan Company were sufficient under Code Ann. § 84-1401 et seq., to require a Georgia real estate license.