### 36136. KRIZAN v. NEWMAN & COMPANY et al.

HILL, Justice.

We granted certiorari to determine the applicability of Code Ann. § 84-1404 (a) to this suit by an Iowa realtor to recover a real estate broker's fee. *Krizan v. Newman & Co.,* 153 Ga. App. 337 (265 SE2d 68) (1980).

Code Ann. § 84-1404 (a), supra, which is part of our real estate broker's licensure law, provides that "No person shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this Chapter without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action

arose."

The defendants owned a hotel in DeKalb County, Georgia, which they advertised for sale in the Wall Street Journal. The plaintiff, a realtor licensed under Iowa law, called the defendants' representative long distance, and said he knew of a possible purchaser whose identity he would disclose after a commission agreement was signed. The defendants' representative mailed plaintiff certain financial information and a letter stating, "Your company will be entitled to the commission in the event that you consummate and close a sale on the above captioned property with one of your clients."

Plaintiff then disclosed the name of the prospective purchaser and accompanied a representative of the purchaser to DeKalb County to tour the premises. Seller thereafter corresponded directly with the purchaser, furnishing information and negotiating the sale. Plaintiff and purchaser's representative made one additional visit to the property. A sale was negotiated and closed in Georgia without further participation by plaintiff.

Summary judgment for the defendants was granted on the basis of Code Ann. § 84-1404 (a), supra, in plaintiff's suit to recover his broker's fee. The Court of Appeals affirmed and we granted certiorari, knowing that we had under consideration at that time the case of *Keenan Co. v. Pamlico, Inc.,* 245 Ga. 842 (268 SE2d 334) (1980).

Code Ann. § 84-1401 (b) (both before and after the 1980 amendment) defines a real estate broker to include any person who, for a fee, assists in procuring prospects for the sale or purchase of real estate. Code Ann. § 84-1402 provides that any person who performs any single act as defined in § 84-1401 (b), supra, without being licensed shall be in violation of the law. Code Ann. § 84-1404, quoted above, provides that no unlicensed person shall maintain any action for compensation "for the performance of any acts mentioned in this Chapter. . ." Plaintiff seeks to recover a fee under the letter agreement and otherwise because a sale was consummated and closed with one of his clients. Clearly, the cited provisions of Code Ann. Ch. 84 are applicable here.

In *Keenan Co. v. Pamlico,* supra, Code Ann. § 84-1404 was found not to be applicable. There the land was located in North Carolina; here the land is located in Georgia. However, we need not now decide if this one difference is controlling because in *Pamlico* the real estate commission was earned if the broker procured a purchaser ready, willing and able to purchase on terms agreed upon by the seller. Here the commission was earned only if the sale were consummated and closed. Here the closing occurred in Georgia.

As was stated in the *Pamlico* case, supra (245 Ga. at 843): "The prohibition of this Code section [Code Ann. 84-1404] bars suit only if the services performed by the plaintiff, which entitle him to a commission, were performed within the State of Georgia... Where all acts essential to the recovery of a commission are performed outside of this state, the statute has no applicability." Here, closing was an act essential to recovery and it occurred in Georgia.

Plaintiff nevertheless contends that our real estate licensure statute, if applicable to plaintiff, is a burden on interstate commerce. Plaintiff, however, has failed to show how our licensing requirement is an unreasonable or illegal burden on interstate commerce. Head v. New Mexico Board, 374 U. S. 424 (83 SC 1759, 10 LE2d 983) (1963). Real estate broker licensure requirements, which are not uncommonly imposed by the states, generally withstand attack on the basis of the commerce clause; we do not find Georgia's invalid. Chapman Co. v. Service Broadcasting Corp., 187 NW2d 794 (1971); STAHL v. Township of Teaneck, 162 FSupp. 661, 666 (D.N.J. 1958); 12 AmJur2d 780, Brokers, § 10 (1964).

The third division of the opinion of the Court of Appeals rejecting, on grounds of public policy, plaintiff's counter-defense of estoppel, is affirmed.

*Judgment affirmed. All the Justices concur, except Jordan, P. J., who concurs in the judgment only.*

ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 4, 1980.

*Terrance C. Sullivan, Denny M. Dennis,* for appellant.
*Bryan, Wilgus & Spell, Rollin E. Mallernee, II, L. Penn Spell, Jr.,* for appellees.