## 63854. WANAMAKER v. ESTHER WYNNE REALTY ASSOCIATES, INC.

Pope, Judge.

Remler & Henderson, attorneys at law, filed a complaint for interpleader and declaratory relief against Esther Wynne Realty Associates, Inc. (hereinafter "Wynne") and Kenneth R. Wanamaker. Remler & Henderson had acted as settlement and escrow agents in the closing of a real estate transaction between Robert J. Duffy, seller, and Wanamaker, purchaser; Wanamaker was acting as the agent of an undisclosed principal. The sum of $7,060.00 was withheld from the seller's funds as a real estate commission. Wynne claimed the entire commission and Wanamaker claimed 50% thereof. The trial court granted the relief sought by Remler & Henderson, and the sum of $7,060.00 was deposited into the registry of the court. Thereafter, Wynne moved for and was granted summary judgment in its favor for the entire sum. Wanamaker appeals.

The subject property is located in Chatham County, Georgia. Wanamaker is a real estate broker licensed to do business as such only in California. He is also the president and sole stockholder of Chatelain Properties, Incorporated, a property management and real estate investment firm. Wanamaker was informed of the availability of the subject property through Chatelain's Atlanta office.

Wanamaker employed attorney Remler to act as his agent in purchasing the property. A contract of sale was drawn by Remler, and the transaction was closed in Chatham County shortly thereafter. Although the contract and closing documents provided for a real estate commission to be paid by the seller, nothing therein referred to a split of the commission. Wanamaker alleged an oral agreement between Wynne and himself to split the commission 50-50.

The only evidence of record on appeal is Wanamaker's deposition. Wanamaker testified that the agreement to split the commission was a condition precedent to closing the transaction, although the seller was most likely unaware of this fact. His testimony continued: "Q. . . . Your basis for asking for a split commission was that you [are] a licensed broker in the State of California, is that correct? A. That's correct. Q. And it is my understanding that your basis of getting this commission [is] that you were acting as a [real estate] broker, is that not correct. . .? A. That's correct. . . . I told [a broker for Wynne] that was how we operated. If he could proceed [to] show properties to us that we would participate in the commission, then we would work with him. If he could not, then there was no sense in us working with him. That's how we earn our living. . . . It's my understanding that the broker's commission is the normal commission given to the brokerage firm that has the listing and the brokerage firm that represents the purchaser of the property. Q. Okay, but its monies paid for listing, sale, purchase, renting, etc., of real estate, is that your general understanding of what the brokerage commission is? A. Yes."

"Code Ann. § 84-1401 (b) . . . defines a real estate broker to include any person who, for a fee, assists in procuring prospects for the sale or purchase of real estate. Code Ann. § 84-1402 provides that any person who performs any single act as defined in § 84-1401 (b) . . . without being licensed [in this state] shall be in violation of the law. Code Ann. § 84-1404 . . . provides that no unlicensed person shall maintain any action for compensation 'for the performance of any acts mentioned in this Chapter. . . .' " *Krizan v. Newman & Co.,* 246 Ga. 214, 215 (271 SE2d 135) (1980). The foregoing statutory provisions are inapplicable *only* where all acts essential to the recovery of the commission have been performed outside this state. *Keenan Co. v. Pamlico, Inc.,* 245 Ga. 842 (268 SE2d 334) (1980). Compare Folsom v. Young & Young, Inc., 216 F2d 352 (5th Cir. 1954). "There the Fifth Circuit wrote an opinion dealing with a Florida broker's suit for a share of commissions received by a Georgia broker for sale of land in Georgia under a *referral contract.* The opinion was based upon *Tillman v. Gibson,* 44 Ga. App. 440 (161 SE 630) [(1931)] and concludes '(S)ince no act agreed by it to be done was performed in

Georgia, then by the settled law of Georgia, which this court is bound to follow, appellee was not engaged in the business of a real estate broker in Georgia, notwithstanding the location of the land.' " (Emphasis supplied.) *Mathews v. Greiner,* 130 Ga. App. 817, 820 (204 SE2d 749) (1974).

By Wanamaker's own admission his agreement with Wynne was not merely a referral arrangement but encompassed his acting as a real estate broker in this state. As in *Krizan v. Newman & Co.,* supra, not only is the land located in Georgia, but the closing occurred in Georgia. Therefore, the cited provisions of Code Ann. Ch. 84-14 are applicable here, barring Wanamaker from maintaining any action for the collection of any part of the subject real estate commission.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1982.

*Aaron L. Buchsbaum,* for appellant.
*Steven Scheer,* for appellee.