## 72366. STARR v. ROBINSON.
### (351 SE2d 238)

CARLEY, Judge.

Appellee-plaintiff, who is an attorney and member of the bar, entered into a written contract with appellant-defendant. Under the contract, appellee agreed to represent appellant with respect to *"all matters* regarding sales, leases and condemnations, if any," of certain real property belonging to appellant. (Emphasis supplied.) Appellee was to "receive as compensation for his services an amount equal to ten percent (10%) of the total money received . . . on any sales, leases, and/or condemnations of said property." (Emphasis supplied.) Although appellee tried to effect a sale of the property, it was finally sold as the result of the efforts of a licensed real estate agent. After the sale, appellant refused demands that he make payment to appellee under the contract.

Appellee then brought the instant action to recover on the contract. Appellant answered and, after discovery, moved for summary judgment. In his motion, appellant urged that appellee had contracted to undertake and had in fact provided certain services in connection with the sale of the property which could legally be performed only by a licensed real estate broker. Since appellee is not a licensed real estate broker, appellant contended that appellee could not enforce the contract. The trial court, after conducting a hearing, recognized that summary judgment in favor of appellant would be appropriate had appellee contracted to act *solely* as a real estate "broker." See *Berchenko v. Fulton Fed. Savings &c. Assn.*, 244 Ga. 733, 734-735, fn. 2 (261 SE2d 643) (1979); *Krizan v. Newman & Co.*, 153 Ga. App. 337 (265 SE2d 68) (1980), aff'd 246 Ga. 214 (271 SE2d 135) (1980). However, the trial court denied summary judgment, holding that a genuine issue of material fact remained as to whether the parties intended that appellee would act in a dual capacity, serving both as appellant's attorney, as well as his broker, in connection with the sale of the property. The trial court certified its order for immediate review and appellant's application for an interlocutory appeal was granted. Appellant's sole enumeration of error on appeal is that the trial court erroneously denied his motion for summary judgment.

From the contract itself and the evidence of record, it is clear that appellee's agreement included the performance of both brokerage *and* legal services. It is undisputed that appellee is not a licensed real estate "broker" within the meaning of OCGA § 43-40-1 (2). Consequently, he would be prohibited from performing real estate brokerage services for a fee and would, in fact, be guilty of a misdemeanor if he did so. See OCGA § 43-40-30. "Under [OCGA § 43-40-30 (a) and (b)], a broker working for some type of compensation for his services had to be licensed and if not licensed after *July 1, 1973*, violated the

law. [Cit.]" (Emphasis supplied.) *Berchenko v. Fulton Fed. Savings &c. Assn.*, supra at 734. Compare *Drewry v. Robinson*, 142 Ga. App. 432 (236 SE2d 108) (1977), the record in which demonstrates that the contract in issue had been entered into in *1971*. The question remains, however, whether appellee may nonetheless enforce the contract to the extent that he performed or agreed to perform legal services in connection with the sale.

If the *consideration supporting a promise* is illegal in whole or in part, the *whole promise* fails. See OCGA § 13-3-45; *Hanley v. Savannah Bank &c. Co.*, 208 Ga. 585 (68 SE2d 581) (1952). It does not follow from this, however, that the invalidity of *a single illegal promise* necessarily results in the unenforceability of an *entire contract*. This is true for two reasons. First, "a distinction must be taken between the consideration and the promise." *Chandler v. Johnson*, 39 Ga. 85, 90 (1869). A contract requires "consideration" but "consideration" is not necessarily synonymous with a "promise." "To constitute consideration, a performance *or* a return promise must be bargained for by the parties to a contract." (Emphasis supplied.) OCGA § 13-3-42 (a). Thus, the illegality of a promise contained in a contract is not the necessary equivalent of the illegality of the underlying contractual consideration. Second, a contract may include a promise to do more than one thing. Thus, the illegality of a single promise is not necessarily synonymous with the illegality of the entire contract. Accordingly, the resulting rule is that, if a contract is otherwise based on *sufficient legal consideration and also contains multiple promises* which "are divisible in containing a lawful agreement . . . coupled with a separable [unlawful] promise . . . , any unenforceability of the latter will not affect the validity of the former agreement. [Cits.]" *Roberts v. H. C. Whitmer Co.*, 46 Ga. App. 839 (1) (169 SE 385) (1933).

In the case at bar, however, appellee seeks to enforce appellant's single promise to pay him a lump sum fee in the amount of ten percent of the sale price of the property. The "consideration" for this single promise was appellee's return promise to handle "*all* matters" with respect to the sale. (Emphasis supplied.) A part of this consideration for appellant's promise is illegal. " 'An illegal consideration consists of any act or forbearance, or a promise to act or forbear, which is contrary to law or public policy.' " *Hanley v. Savannah Bank &c. Co.*, supra at 586. There is no legal basis for finding, under the terms of contract as written, a separate, enforceable agreement on the part of appellant to pay the entire or any identifiable portion of the ten percent of the sale price of the property solely in return for appellee's legal representation. Accordingly, appellant's promise is not enforceable. See *Hanley v. Savannah Bank &c. Co.*, supra. Assuming without deciding that appellee has any legal remedy, it is not on the written contract but in quantum meruit to recover for such legal services as

he may have actually rendered to appellant. The trial court erred in denying summary judgment in favor of appellant.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 20, 1986.

*Stephen H. Block*, for appellant.
*James E. Hardy*, for appellee.