A99A1878, A99A2022. JOHNSON v. ORIENTAL WEAVERS RUG MANUFACTURING COMPANY, INC. et al. (two cases).
(525 SE2d 738)

MCMURRAY, Presiding Judge.

Robert O. Johnson was hired to manage certain real property owned by Smith Foster. After Johnson brokered the sale of a parcel of this real property to Oriental Weavers Rug Manufacturing Company, Inc. ("Oriental"), he filed an action against Foster and Oriental to recover a commission for his services. Because Johnson is not a licensed real estate broker, the trial court denied Johnson's motion for partial summary judgment and granted Foster's and Oriental's motions for summary judgment. These appeals followed. *Held*:

A person doing business in Georgia without the requisite real estate license has no standing to sue for commissions allegedly earned. OCGA § 43-40-24 (a). See *Mathews v. Greiner*, 130 Ga. App. 817, 818-819 (1) (204 SE2d 749). And because this rule is based on public policy and purpose, it is immaterial that its operation may benefit one who may have deceitfully induced the performance of another by agreeing to pay such a commission. *Krizan v. Newman & Co.*, 153 Ga. App. 337, 339 (3) (265 SE2d 68), aff'd, 246 Ga. 214, 216 (271 SE2d 135). It is therefore immaterial in the case sub judice that Foster and Oriental failed to honor a provision in the parties' real estate sales contract which provided that Johnson would receive a five percent commission for his efforts. See *Unifund Gen. v. Orr*, 191 Ga. App. 836, 838 (3) (383 SE2d 199). The only remaining issue, then, is whether Johnson can sue for a broker's commission based on OCGA § 43-40-29 (a) (8)'s exception that Georgia's real estate licensure law does not apply to "[a]ny person employed on a full-time basis by the owner of property for the purpose of providing property

management services or community association management services, selling, buying, leasing, managing, auctioning, or otherwise dealing with such property." OCGA § 43-40-29 (a) (8) (formerly Ga. Code Ann. § 84-1403).

Although OCGA § 43-40-29 (a) (8) appears to create a broad exception, this Code subsection cannot be a basis for circumventing the rule that only licensed brokers have standing to sue for a commission. *Berchenko v. Fulton Fed. Sav. & Loan Assn.*, 244 Ga. 733, 734 (2) (261 SE2d 643). To this issue, the Supreme Court of Georgia specifically held in *Berchenko* that OCGA § 43-40-29 (a) (8) does not apply to any full-time employee who receives or intends to receive a fee, commission or other valuable consideration for brokerage services. The Supreme Court explained in *Berchenko* that the exception was enacted to prevent technical violations of the law by those whose employment is incidental to real estate transactions — such as real estate attorneys. Id. at 234 (2).

Although, in the case sub judice, Johnson claims to qualify under OCGA § 43-40-29 (a) (8)'s exception based on proof that he was Foster's full-time operations or property manager, Johnson's claim for a fee is not based on services he provided which were incidental to the real estate sales transaction at issue.[1] Johnson's claim is based wholly on his expectation of a commission for providing real estate brokerage services as defined under OCGA § 43-40-1 (2). This expectation is what disqualifies Johnson's action for a broker commission under the Supreme Court of Georgia's holding in *Berchenko v. Fulton Fed. Sav. & Loan Assn.*, 244 Ga. at 734 (2), supra. This Court's holding in *Piedmont Engineering &c. Corp. v. Balcor Partners-84 II*, 196 Ga. App. 486, 492 (3) (396 SE2d 279), is not based on a claim for a broker's sales commission as is the circumstance in the case sub judice. *Piedmont Engineering* is thus distinguishable upon the facts and not controlling in the case sub judice.

The trial court did not err in granting Foster's and Oriental's motions for summary judgment.

*Judgments affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 1999 —

*John T. Longino*, for appellant.

---

[1] While the evidence does not undisputedly show that Johnson was a full-time employee or that he was even Foster's employee (Johnson was actually employed by corporate entities owned and operated by Foster), we accept Johnson's construction of the facts because, as a party responding to motions for summary judgment, he must be given the benefit of all reasonable doubts and the construction of the evidence and all inferences and conclusions therefrom. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

*Grant, Konvalinka & Harrison, H. Wayne Grant, David C. Higney, Minor, Bell & Neal, James H. Bisson III,* for appellees.