McFadden, Presiding Judge.
*31 Oconee Investment Group, LLC ("Oconee"), brings this interlocutory appeal from the trial court's denial of its motion for summary judgment as to various claims brought by Lisa Denton Turk in connection with referral services she provided to Oconee in a real estate transaction. On appeal, Oconee claims that OCGA § 43-40-24 (a) bars Turk from bringing this action to recover commissions or compensation for those services because she does not possess a valid Georgia real estate brokerage license. But Turk's activities fell within an exception to the statute's prohibition, so we affirm.
Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a trial court's decision on a motion for summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. Home Builders Assn. of Savannah v. Chatham County, 276 Ga. 243, 245 (1), 577 S.E.2d 564 (2003).
So viewed, the evidence shows that Oconee, through its agent, offered to sell Turk multiple lots and trailers in a real estate development. Turk declined the offer because she did not have the funds for the purchase. Oconee and Turk then reached an agreement whereby Oconee would give Turk a specific lot and trailer in the development if Turk referred to Oconee a bona fide purchaser for the remaining lots and trailers at a specified minimum price per lot. When the parties entered into this agreement, Turk did not hold a Georgia real estate brokerage license.
Turk referred to Oconee a buyer who ultimately purchased the lots and trailers. But Oconee refused to pay Turk either the agreed-upon referral compensation of a lot and trailer or, alternatively, a fee of $20,000 that Turk agreed to accept in lieu of the lot and trailer. Instead, Oconee offered to pay Turk a cash fee of $7,200 or a credit toward the purchase of the lot and trailer. Turk declined this offer.
Turk sued Oconee for breach of contract, fraud, quantum meruit, and unjust enrichment. She sought specific performance of her agreement with Oconee in the form of the lot and trailer or, alternatively, damages of either $20,000 or a sum representing the reasonable value of her services. Oconee moved for summary judgment on *32 these claims, the trial court denied Oconee's motion, and we granted interlocutory appellate review.
Oconee argues on appeal that it is entitled to summary judgment on the ground that OCGA § 43-40-24 (a) bars each of Turk's claims because she did not have a Georgia real estate brokerage license. We disagree.
Chapter 40 of Title 43 prohibits an unlicensed person from "[h]old[ing] himself or herself out as a referral agent for the purpose of securing prospects for the listing, sale, purchase, exchange, renting, lease, or option for any real estate[.]" OCGA § 43-40-1 (2) (B). Among the sanctions for violations of that prohibition is a bar from collecting fees. OCGA § 43-40-24 (a) provides,
No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in this chapter [Chapter 40] without alleging and proving that he was a licensed broker in Georgia at the time the alleged cause of action arose.
But there are statutory exceptions. OCGA § 43-40-29 (a). While certain of those exceptions, and a prior version of the exceptions statute as a whole, have been construed to not contemplate recovery of fees, in its current version, the exception at issue here expressly contemplates fees. It provides that Chapter 40 does not apply to
[a]ny person acting as a referral agent who is not involved in the actual negotiations, execution of documents, collection of rent, management of property, or other related activity which involves more than the mere referral of one person to another and who:
(A) Does not receive a fee for such referral from the party being referred;
(B) Does not charge an advance fee; and
(C) Does not act as a referral agent in more than three transactions per year[.]
*514 OCGA § 43-40-29 (a) (9) (emphasis supplied).
The unambiguous language of OCGA § 43-40-29 (a) (9) permits a person, under certain circumstances, to act as a "referral agent" without implicating other provisions of Chapter 40, including the compensation bar of OCGA § 43-40-24 (a). And the prohibitions in subsections (A) and (B) of fees "from the party being referred" and "advance fee[s]," by necessary implication, permit other sorts of fees.
*33 The evidence, viewed most favorably to Turk, shows that her actions fell within the exception set out in OCGA § 43-40-29 (a) (9). Turk testified in an affidavit that Oconee "expressly offered her [a] referral fee of the parts trailer and lot if [she] would refer a bona fide buyer for the 24 remaining trailers at the ... development for a selling price of $30,000.00 each"; that she "did, in fact, locate [such a] bona fide purchaser"; and that "[t]he prospective purchaser referred by [her] to [Oconee] did, in fact, sign a contract and did close on the sale of the trailers at issue[.]" This testimony, viewed in Turk's favor, shows that Turk was "acting as a referral agent who is not involved in the actual negotiations, execution of documents, collection of rent, management of property, or other related activity which involves more than the mere referral of one person to another[,]" OCGA § 43-40-29 (a) (9), and that she did "not receive a fee for such referral from the party being referred[.]" OCGA § 43-40-29 (a) (9) (A) (emphasis supplied). And Oconee has pointed to no evidence showing that Turk either "charge[d] an advance fee [,]" OCGA § 43-40-29 (a) (9) (B), or "act[ed] as a referral agent in more than three transactions per year." OCGA § 43-40-29 (a) (9) (C). Because the evidence raises a question of fact as to whether Turk's activities fell within the exception in OCGA § 43-40-29 (a) (9), Oconee was not entitled to summary judgment.
In its appellate brief, Oconee cites several cases that do not address the current version of OCGA § 43-40-29 (a) (9) and therefore do not require a different outcome. In 1985, the statute was amended to substantially its present form. See Ga. L. 1985, p. 378, § 18.
Our Supreme Court's decision in Berchenko v. Fulton Fed. Sav. & Loan Assn. of Atlanta, Inc., 244 Ga. 733, 261 S.E.2d 643 (1979), construed Code Ann. § 84-1403, an earlier version of the statute that did not include the exception currently set out in OCGA § 43-40-29 (a) (9). In determining that Code Ann. § 84-1403 did not exempt a referral agent who received compensation from the licensure requirements now set forth in Chapter 40, the Court in Berchenko observed that "[n]one of the nine sub-sections in § 84-1403 relate to persons who will personally receive a fee, commission or other valuable consideration from the seller for services rendered outside of their regular employment." Id. at 734, 261 S.E.2d 643 (emphasis supplied).
That observation is no longer true. As noted above, the current version of the statute, OCGA § 43-40-29 (a) (9), now expressly contemplates referral fees. Subsection (a) (9) expressly omits from its coverage only persons who charge or receive certain types of referral fees. The current version of OCGA § 43-40-29, including subsection (a) (9), "is the latest expression by the legislature on this point and must prevail over ... earlier opinion[s] construing then Code Ann.
*34 [§ 84-1403.]" Smith v. State, 218 Ga. App. 429, 429-430 (1), 461 S.E.2d 553 (1995). So the Berchenko decision is not controlling and does not require us to construe OCGA § 43-40-29 (a) (9) in a manner inconsistent with its unambiguous language.
Our decisions in Everett v. Goodloe, 268 Ga. App. 536, 602 S.E.2d 284 (2004), and Johnson v. Oriental Weavers Rug Mfg. Co., 241 Ga. App. 15, 525 S.E.2d 738 (1999), likewise do not support the grant of summary judgment to Oconee. It is true that those decisions were rendered after OCGA § 43-40-29 had been amended to include the current version of subsection (a) (9). But the court in Everett did not rule on the applicability of subsection (a) (9) because, unlike Turk, the plaintiff in that case did not argue to the trial court that she was a referral agent exempt from Chapter 40 under that subsection. See Everett, supra, 268 Ga.App. at 539 (1) (a), 602 S.E.2d 284. And the court in Johnson did not construe subsection (a) (9) but expressly *515 limited its holding to a different subsection, OCGA § 43-40-29 (a) (8). See Johnson, supra, 241 Ga.App. at 16, 525 S.E.2d 738. To the extent that the language of Johnson could be read to apply so broadly as to construe subsection (a) (9), it is dicta. While it is true that no prior decision of this court or our Supreme Court has addressed or acknowledged the General Assembly's express references to fees in the current version of subsection (a) (9), the significance of that language is now squarely before us and we may not ignore it.
Because, under OCGA § 43-40-29 (a) (9), Turk is exempt from Chapter 40's licensure requirement, the compensation bar of OCGA § 43-40-24 (a) does not apply to her, and Oconee was not entitled to summary judgment on that ground.
Judgment affirmed.
Barnes, P. J., and Miller, P. J., concur. Doyle, Branch, McMillian, Mercier and Reese, JJ., concur. Bethel, J., dissents.