Bethel, Judge, dissenting.
Today, for the first time, our Court decides that an individual without a real estate license has standing to sue for commissions earned from the provision of real estate brokerage services. As this decision is contrary to previous interpretations of the real estate brokerage licensing statute in binding decisions of this Court and our Supreme Court, I respectfully dissent.
OCGA § 43-40-24 (a) provides that "[n]o person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in this chapter without alleging and proving that he was a licensed broker in Georgia at the time the alleged cause of action arose." The parties agree that Turk did not have a Georgia real estate brokerage license at the time of the events giving rise to this suit. This Court today *35 nevertheless rules that because Turk has brought forth evidence that she can satisfy one of the exemptions from the licensing requirement set forth in OCGA § 43-40-29 (a), she should be permitted to enforce her referral agreement with Oconee and collect compensation for her services.
Both the Georgia Supreme Court and this Court have previously noted that exemptions from the licensing requirement were implemented by the General Assembly as safe harbors to protect non-brokers who engage only in incidental, non-brokerage activities related to a real estate transaction or who provide referrals without the expectation of receiving compensation. See Johnson v. Oriental Weavers Rug Mfg. Co., Inc., 241 Ga. App. 15, 16, 525 S.E.2d 738 (1999) (citing Berchenko v. Fulton Fed. Sav. & Loan Assn. of Atlanta, Inc., 244 Ga. 733, 734 (2), 261 S.E.2d 643 (1979) ). Such exemptions allow non-brokers to engage in activities that closely relate to real estate transactions while avoiding collateral consequences associated with unlicensed brokerage activities, including criminal penalties.[1] In providing these protections, the exemptions do not confer the positive benefits and rights attendant to licensed brokerage. As Johnson clearly stated, even though OCGA § 43-40-29 (a) creates exemptions from the licensing requirement, those exemptions are not "a basis for circumventing the rule that only licensed brokers have standing to sue for a commission." 241 Ga. App. at 16, 525 S.E.2d 738 (citing Berchenko, 244 Ga. at 734 (2), 261 S.E.2d 643 ).
The majority is correct in noting that Johnson applied specifically to the exception set forth in OCGA § 43-40-29 (a) (8), relating to full-time employees who provide property or community association management services. However, the principle articulated in Johnson -that eligibility for an exemption does not liberate an unlicensed individual from the bar on seeking compensation for real estate brokerage services-applies broadly to all of the exemptions set forth in subsection (a) of Code Section 43-40-29.
The majority opinion makes much of the fact that Berchenko, on which Johnson relied, was decided prior to the General Assembly's amendments to the real estate licensing statute which brought it to its present form.
*516 While it is correct that numerous amendments to the Code section providing for new and expanded exemptions from the licensing requirement have been added since Berchenko was decided *36 in 1979, the introductory language of the Code section providing for the licensing exemptions is, in every meaningful way, the same now as it was in 1979.[2] Likewise, the language of the Code section barring individuals without a brokerage license from seeking compensation by is similarly unchanged since Berchenko was decided.[3]
In Berchenko, with these provisions before it, the Supreme Court interpreted former Code Section 84-1403 to mean that even if a person could claim an exemption from licensure, that person was barred from suing for compensation under former Code Section 84-1404 (a). Berchenko, 244 Ga. at 734 (2), 261 S.E.2d 643. The reference to Berchenko in Johnson highlights this Court's previous recognition that this principle was undisturbed by the General Assembly's reorganization of the real estate brokerage licensing statutes between the time Berchenko and Johnson were decided.
Johnson thus comports with a basic canon of statutory interpretation. As our Supreme Court has noted, when statutes are reorganized or amended, and language from the original version of the statute is carried into the new version, prior interpretations of that language by this Court and the Supreme Court are essentially baked into the revised version of the statute, absent contrary direction from the General Assembly. See Bradshaw v. State, 296 Ga. 650, 654, 769 S.E.2d 892 (2015) (noting that "when judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its ... judicial interpretations as well." (quoting Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA, 559 U.S. 573, 589-90, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010) ). As our Supreme Court has further elaborated, absent a clear indication to the contrary, we should "accord to virtually identical language in successor provisions the same construction given the original language."
*37 City of Thomaston v. Bridges, 264 Ga. 4, 6, 439 S.E.2d 906 (1994). I see no reason to depart from this principle in interpreting the language of this statute.[4]
Just as this Court clearly understand itself to be bound by prior Supreme Court authority when it decided Johnson, we remain bound by the Supreme Court's reading of the statute as surely as we are by any other decision of that tribunal, regardless of our respective views as to the merits of those decisions. See Ga. Const. Art. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents."). As this Court has previously noted, "[t]his mandate is not contingent, and the Court of Appeals is not at liberty to modify Supreme Court precedent."
*517 Zachery v. State, 233 Ga. App. 519, 521, 504 S.E.2d 466 (1998). Likewise, because Johnson was decided by a unanimous three-judge panel of this Court, we are bound by its terms until expressly overruled. See Johnson, 241 Ga. App. at 16, 525 S.E.2d 738 (noting full concurrence of each judge on the panel); Court of Appeals Rule 33 (a) (providing in part that "If an appeal is decided by a Division of this Court, a judgment in which all three panel judges fully concur is a binding precedent[.]")
Moreover, while suggesting that Berchenko no longer controls the interpretation of this statute, like Turk, the majority points to no decision of this Court or the Supreme Court holding that an unlicensed person who is exempt from the licensing requirement can still seek compensation for real estate brokerage services. Because Johnson states clearly that the exceptions set forth in subsection (a) of Code Section 43-40-29 are not "a basis for circumventing the rule that only licensed brokers have standing to sue for a commission," it is my view that the majority's reading of this statute would require this Court to overrule Johnson, as I can discern no rationale for treating the exception set forth in subpart (9) (claimed here by Turk) differently from the other exceptions set forth in subsection (a) of Code Section 43-40-29. Nevertheless, although it is irreconcilable with the decision the majority announces today, Johnson apparently stands.
Thus, in contrast to the view of the majority, assuming without deciding that Turk's activities in this case satisfy one of the exceptions set forth in OCGA § 43-40-29 (a), I would rule that such an *38 exemption would only dispense with her obligation to obtain a real estate license in order to perform such activities and avoid the negative consequences of acting as a broker without a license. I would thus hold that even if satisfied, no exemption from the licensing requirement would permit her to bring suit for the recovery of compensation for brokerage activities because OCGA § 43-40-24 (a) clearly requires that a person be "a licensed broker in Georgia" in order to maintain an action for the collection of compensation. See Everett v. Goodloe, 268 Ga. App. 536, 540, 602 S.E.2d 284 (2004) (finding plaintiff's attempt to recover a fee for procuring a buyer for defendant was prohibited because plaintiff was not a licensed real estate broker). I would therefore reverse the decision of the trial court denying Oconee's motion for partial summary judgment.

See OCGA § 43-40-31 ("Any person acting as a real estate licensee within the meaning of this chapter without a license and any person who violates any other provision of this chapter shall be guilty of a misdemeanor.").

Cf. Ga. L. 1973, p. 100, § 1 (former Code Section 84-1403, providing that "Except as otherwise provided in this Chapter, the provisions of this Chapter shall not apply to ...") with current OCGA § 43-40-29 (a), providing that "Except as otherwise provided, this chapter shall not apply to ...").

Cf. Ga. L. 1973, p. 100, § 1 (former Code Section 84-1404 (a), providing that "No person shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this Chapter without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action arose.") with current OCGA § 43-40- 24 (a) (providing that "No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in this chapter without alleging and proving that he was a licensed broker in Georgia at the time the alleged cause of action arose.")

I am unpersuaded by the majority's construction of the exemption in sub-part (a) (9) and its application to the facts of this case. The majority suggests that, because subpart (a) (9) references referral and advance fees, a person claiming this exemption would have the ability to make a claim to a fee. However, rather than outlining what type of compensation a person may receive and still qualify for this exemption, subpart (a) (9) speaks only to what such a person cannot receive. Such a person cannot charge an advance fee, nor may he or she receive a fee from a person being referred. Nothing in the language of that exemption suggests that an unlicensed person could provide a referral and then have the right to sue for compensation.